COMMONWEALTH *vs.* BENJAMIN NOVAK.

Suffolk.    May 12, 1930. — June 30, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Gambling. Constitutional Law,* Ex post facto law, Due process of law, Equal protection of law, Police power, Excessive punishment. *Practice, Criminal,* Sentence.

The statute now found in G. L. c. 271, § 1, is not *ex post facto* legislation nor in violation of art. 24 of the Declaration of Rights as applied to conduct in June, 1929.

Such statute is not in violation of art. 14 of the Amendments to the Constitution of the United States; the Legislature had power to pass it for the purpose of preventing, and, so far as possible, of suppressing gambling.

The provision of the statute above described, fixing the amount of penalty for its violation, did not make it unconstitutional, nor warrant the granting of a motion in arrest of judgment on the ground that the penalty was excessive and purported to leave no judicial discretion in the trial court.

The statute above described is not obsolete, but is now existing and enforceable.

G. L. c. 127, § 144, applies to forfeitures under G. L. c. 271, § 1, equally as it does to fines.

The punishment specified in the above statute is not cruel or unusual, nor is the forfeiture imposed excessive, in violation of art. 26 of the Declaration of Rights.

COMPLAINT, subscribed and sworn to in the Municipal Court of the City of Boston on November 19, 1929, and described in the opinion.

On appeal to the Superior Court, the complaint was tried before *Buttrick*, J., a judge of a district court, sitting in the Superior Court under statutory provisions. Material evidence is stated in the opinion. The defendant was found guilty and moved in arrest of judgment. The motion was denied and the defendant alleged exceptions.

*P. H. Kelley*, for the defendant.

*W. J. Foley*, District Attorney, & *W. M. Gaddis*, Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendant was prosecuted on a complaint under G. L. c. 271, § 1, which provides that "Whoever, on a prosecution commenced within eighteen months after the commission of the crime, is convicted of winning at one time or sitting, by gaming or betting on the sides or hands of those gaming, money or goods to the value of five dollars or more, and of receiving the same or security therefor, shall forfeit double the value of such money or goods." The complaint alleged that the defendant on June 3, 1929, did unlawfully win and receive from Louis Janty at one time and sitting "by playing with the said Janty at a certain unlawful game called Poker" moneys of the value of more than $5, "that is to say, six hundred and fifty dollars." The jury found that the defendant won $650 from Janty, the complainant. Thereafter, the defendant filed a motion in arrest of judgment that the complaint be dismissed. This motion was overruled; the defendant excepted. Judgment was then entered on the verdict, the defendant being ordered to forfeit the sum of $1,300.

The first ground of the defendant's motion in arrest of judgment is that the statute violates art. 24 of the Declaration of Rights, and that the statute operates as an *ex post facto* law. Art. 24 of the Declaration of Rights enacts that laws made to punish for actions done before the existence of such laws, and which have not been declared crimes by preceding laws, are unjust, oppressive and inconsistent with the fundamental principles of free government. The statute in question under which the defendant was prosecuted was enacted long before the offence was com-

mitted.  G. L. c. 271, § 1, is not *ex post facto* legislation. It was in force when the defendant committed the offence.  *Commonwealth* v. *Callaghan,* 223 Mass. 150.

The second ground of the motion in arrest of judgment is that the statute is contrary to the Fourteenth Amendment to the Constitution of the United States.  The statute does not deprive any person of life, liberty or property without due process of law, nor deny to any person within the jurisdiction of the Commonwealth the equal protection of its laws.  No discrimination was suffered by the defendant.  All were alike subject to the same law and to the penalty imposed by the statute.  His privileges and immunities as a citizen of the United States were not abridged.  The statute was enacted to prevent gambling, and the Legislature had the power to pass the statute in order to accomplish this purpose and as far as possible suppress the evil.  See *Commonwealth* v. *Libbey,* 216 Mass. 356, 358; *Commonwealth* v. *Titcomb,* 229 Mass. 14, 16; *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 338, where the cases are collected.

The defendant further contends that his motion should be allowed because the penalty is excessive, and "purports to leave no judicial discretion in the trial court."  We do not agree with this contention.  The Legislature had the power to fix the penalty; there is nothing contrary to our Constitution in fixing the penalty as was done in the statute, and in providing that the defendant "shall forfeit double the value of such money" won by gaming.  *Commonwealth* v. *Murphy,* 165 Mass. 66, 69.  *McDonald* v. *Commonwealth,* 173 Mass. 322, 328.

The statute has not become obsolete as the defendant argues.  It is a law now existing and enforceable.  The fact that the defendant was to stand committed until the order of the court was complied with is not an argument against the validity of the statute.  It does not take away any right belonging to the defendant.  The manner of dealing with a defendant who does not pay the fine imposed is dealt with in G. L. c. 127, § 144.  This section applies to forfeitures under the statute in question equally

with fines; a forfeiture is a penalty or fine imposed for the offence. See G. L. c. 127, § 146; *Bryant* v. *Rich's Grill*, 216 Mass. 344, 348, 349.

In our opinion the punishment was not cruel or unusual, nor the forfeiture imposed excessive, under art. 26 of our Declaration of Rights. There was no error in the manner in which the judge dealt with the case.

*Exceptions overruled.*