JOSEPH SCLAMO *vs.* COMMONWEALTH.

Suffolk. May 1, 1967. — June 5, 1967.

Present: WILKINS, C.J., KIRK, SPIEGEL, & REARDON, JJ.

*"Bail Jumping." Constitutional Law,* Due process of law.

G. L. c. 276, § 82A, inserted by St. 1965, c. 396, providing a criminal penalty for failure without sufficient excuse to appear in court after release on bail or recognizance, creates a substantive offence, independent of contempt, so that one summarily sentenced thereunder without a formal charge against him, assistance of counsel, or trial by jury was not accorded due process of law and the judgment was rightly reversed on writ of error.

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on July 13, 1966.

The case was heard by *Spalding, J.*

*Willie J. Davis,* Assistant Attorney General, for the Commonwealth.

*Conrad W. Fisher* for the petitioner.

WILKINS, C.J.   The petitioner filed this petition for writ of error to set aside five judgments in criminal cases alleging deprivation of his constitutional rights when he was sentenced to one year in the house of correction for "bail jumping" under G. L. c. 276, § 82A, inserted by St. 1965, c. 396.[1]   The single justice filed "Findings, Rulings, and Order for Judgments" in favor of the petitioner.   The Commonwealth excepted.   We assume, without deciding, that exception by the Commonwealth will lie to the granting of a writ of error.   The result will be the same, and it is important that the merits of the case be decided.

In September, 1965, five indictments were returned against the petitioner charging attempted larceny, larceny, receiving stolen goods, uttering forged instruments, and forgery.   He pleaded not guilty and was released on bail. On January 5, 1966, when these indictments were called for trial, he failed to appear and bail was defaulted.   The case was restored to the docket on May 23, 1966, at which time the petitioner appeared in court.   He was asked by the judge why he had failed to appear on January 5, to which he replied, "I have an attorney."   The judge said, "I didn't ask you that," to which the petitioner responded, "I just kind of took off."   The judge, treating the default on each indictment as a separate offence, and purporting to act under G. L. c. 276, § 82A, imposed five one year sentences in the house of correction to be served concurrently.

The Commonwealth concedes that bail jumping is a

---

[1] "A person who is released by court order or other lawful authority on bail or recognizance on condition that he will appear personally at a specified time and place and who fails without sufficient excuse to so appear shall be punished by a fine of not more than one thousand dollars or by imprisonment in a house of correction for not more than one year, or both, but in no event shall the fine or imprisonment exceed the maximum sentence prescribed for any crime in connection with which his appearance is required."

criminal offence, but contends that the court was acting under its contempt powers, and so could summarily convict the petitioner without according him the benefit of all the rights which normally accrue to an accused person. The statute was enacted upon a recommendation contained in the Fortieth Report of the Judicial Council (1964), Pub. Doc. No. 144, pp. 31–33. The single justice pointed out: "There is no indication in the Council's report that the statute was intended merely to codify or expand the court's power to punish for contempt. And although the language does not specifically indicate that the offense is to be independent of contempt, the Council's report makes reference" to 18 U. S. C. (1964) § 3151 (Supp. II, 1966), which does so provide.

The single justice rightly rejected this contention. We shall rest our decision on this quotation from his decision: "I rule that G. L. c. 276, § 82A, creates a substantive offense, independent of contempt, and that therefore, in proceedings under it, the rights to a formal charge, assistance of counsel, and jury trial must be accorded. It is plain that the petitioner was deprived of these rights. The petitioner having been explicitly sentenced under the statute, there is no need to consider the Commonwealth's contention that the petitioner could properly have been punished for contempt. But even if what was done here could somehow be regarded as a contempt proceeding, it could not have been dealt with as it was. Such a contempt, if one there was, would be of the sort where the procedure outlined in *Garabedian* v. *Commonwealth,* 336 Mass. 119, 124–125, must be followed. Concerning such contempts, it was there said[1] that the person charged must 'be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, *have the right to be represented by counsel,* and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation' P. 124 (emphasis supplied)."

---

[1] Quotation originally from *In re Oliver,* 333 U. S. 257, 275. See *Crystal, petitioner,* 330 Mass. 583, 588–589.

352 Mass. 579                                                        579

The conclusion of the single justice as to each judgment was: Judgment reversed. The petitioner is entitled to costs, to be paid by the county of Worcester. G. L. c. 250, § 12. *Garabedian* v. *Commonwealth,* 336 Mass. 119, 126, and cases cited. To this should be added costs of appeal.

*Exceptions overruled.*