**Sigfred Allen JOHNSON, Appellant (Defendant below),**

v.

**STATE of Wyoming, Appellee (Plaintiff below).**

**No. 4377.**

Supreme Court of Wyoming.

March 5, 1975.

Robert W. Costin, Laramie, for appellant.

H. J. Arnieri, Asst. Atty. Gen., Cheyenne, and Ron M. Kopriva, Senior Law Student, Laramie, for appellee.

Before GUTHRIE, C. J., and RAPER and THOMAS, JJ.

RAPER, Justice.

After an evening of drinking rum and coke, laced with beer, the defendant-appellant sometime between 2:00 and 4:00 a. m. ran his new Chevrolet Blazer off a mountain highway above Woods Landing, injuring himself and his companion as well as demolishing the vehicle. He was charged by a state highway patrolman and found guilty by a justice of the peace for driving while under the influence of intoxicating liquor, to a degree which rendered him incapable of safely driving a motor vehicle and was fined $100 and costs in the amount of $4. The driver's license suspension would administratively follow. § 31–129(e), W.S.1957, C. 1967, 1973 Cum.Supp. The defendant appealed to the district court, where a jury found him guilty and the trial judge imposed a fine of $100 and sentenced the defendant to 15 days in jail. This sentence was imposed immediately following trial, but the next day before signing the judgment and sentence, it was amended in open court in the presence of defendant by the trial judge to add on costs of witness fees, witness transportation and per diem for jurors actually sitting on the case, along with bailiff expense.

While various errors are assigned, only those worthy of discussion will be covered. To compile an opinion with regard to the others would add nothing to the jurisprudence of the state. It is sufficient to say that the evidence was substantial, presented a jury question and the court's instructions were within acceptable standards. We need deal only with the sentence.

The defendant contends that the court erred in increasing the sentence from a $100 fine and costs imposed by the justice of the peace to the same fine, 15 days in jail and enlarging the costs. The district court costs are made up of $59.60 witness fees paid by the clerk of court and $234 jury and bailiff expenses. In addition, the district court provided for a payment of expert medical fees, if claimed by three doctors testifying. It is the contention of the defendant Johnson that to increase the punishment is constitutionally prohibited and a penalty for exercising the right of appeal.

Section 7–448, W.S.1957, provides that an appeal from the justice of the peace court be tried de novo and states,

"The cause, when thus appealed, shall stand for trial anew in the district court in the same manner that it should have been tried before the justice, * * * and the court has full power over the case, the justice of the peace, his docket entries, and his return, to administer the justice of the case according to law, and shall give judgment accordingly."

As said in State v. Hungary, 1956, 75 Wyo. 423, 433–434, 296 P.2d 506, 509:

"It appears to us that the legislature has clearly provided for an appeal from every criminal judgment of a justice of the peace and for a trial anew in the district court. We take this to mean that upon an appeal under the above-mentioned statutes the defendant should be arraigned in the district court and should thereafter be tried in all respects as if the case had originated in the higher court. * * *"

Thus, is stacked up the same two-tier system described in Colten v. Kentucky, 1972, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584. The right of an additional trial is absolute and no error of the justice of the peace need be alleged on the appeal. As said in Colten, the slate is wiped clean. The Supreme Court of the United States

also pointed out that the proceedings offer a defendant the opportunity to learn about the prosecution's case and, if he chooses, he need not reveal his own; the State has none of the options of deciding whether or not to accept the penalty imposed by an inferior court and the opinion there went on to state,

> " * * * Should it not prevail in the lower court, the case is terminated, whereas the defendant has the choice of beginning anew. In reality his choices are to accept the decision of the judge and the sentence imposed in the inferior court or to reject what in effect is no more than an offer in settlement of his case and seek the judgment of judge or jury in the superior court, with sentence to be determined by the full record made in that court. * * * "

In Colten it was decided that the two-tier plan presents no constitutional hazards under the due process clause of the Fourteenth Amendment nor does it constitute double jeopardy under the Fifth Amendment.

The defendant in Colten, as does the defendant here, attempted to sell the case of North Carolina v. Pearce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, in which it was held in a procedural setting of a conviction being set aside in a post-conviction proceeding and sent back for new trial, that the trial court must credit time already served to avoid double jeopardy but otherwise the first proceeding vanishes and there is a wholly new sentence, and in order to guard against any retaliatory motivation on the part of the trial judge because of having his original conviction set aside,

> " * * * whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original

sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

Justice White in Colten answered that North Carolina v. Pearce has no application and in connection with the de novo method, said,

> "It may often be that the superior court will impose a punishment more severe than that received from the inferior court. But it no more follows that such a sentence is a vindictive penalty for seeking a superior court trial than that the inferior court imposed a lenient penalty. The trial de novo represents a completely fresh determination of guilt or innocence. It is not an appeal on the record. As far as we know, the record from the lower court is not before the superior court and is irrelevant to its proceedings. * * * "

There is no double jeopardy because there are wholly new sentences after wholly new trials; sentences are not doubled up. It is solely the defendant's choice to follow these steps; with that choice must go the risks.

We hold that under Wyoming's system existing at the time of defendant's district court conviction whereby he has an absolute right to a trial de novo in the district court so long as he applies within the statutory time, is not violative of due process as penalizing an accused for seeking a new trial. We further hold that under such a system, the double jeopardy clause does not prohibit an enhanced sentence within statutory limits on reconsideration.

Costs in cases such as we have before us may be assessed in accordance with § 7–281, W.S.1957, providing that:

> "In all cases of misdemeanors tried before justices of the peace, or the district courts of this state, by indictment or information, in which the defendant may be convicted, the punishment shall be

within the discretion of the court, limited as penalties now are by law, except that payment of the costs of prosecution may be added to and made a part of the sentence, * * *"

■ For the reasons stated in Arnold v. State, 1957, 76 Wyo. 445, 306 P.2d 368, 65 A.L.R.2d 839, jury and bailiff expenses, however, may not be taxed as costs of prosecution against the convicted defendant. The right to trial by jury in criminal prosecutions must be kept inviolate. Art. I, § 9, Wyo.Const.

We understand the trial court's reason for assessing the jury and bailiff expenses. He was aware of the Arnold case, but wanted this court to take another look at it in the light of defendant's unmitigated transgression. The time and effort of public servants and the jury was wasted and public funds were dissipated in the expense of trial and this may have opened the door for an exception to offer some relief to an already overburdened expense account in the processing of misdemeanants and felons. The availability of the jury, however, is a sacred institution and we cannot and must not interfere with its availability to the worthy ones.

■ The other costs assessed by the district court are proper, Anno., 65 A.L.R.2d 854; but the expense of expert medical doctors may only be charged at the statutory rate of $25 for each half day or portion thereof. § 1–196, W.S.1957, 1973 Cum. Supp. We find no reason to see that the trial judge has abused his discretion in assessing these authorized expenses of prosecution. The drunken driver and other convicted persons must share some of the expenses of establishing guilt, as the trial judge in his sense of fairness sees it.

The defendant claims that the medical testimony of the three doctors was unnecessary. However, the record shows that they were a part of the total scenario of defendant's frolic. A witness may only fill in a fragment of the entire evidence. Because of the burden of proof beyond a reasonable doubt in dealing with violators, the prosecution must leave no stone unturned. The careful prosecutor will leave no questions unanswered and he must have reasonable latitude in doing so.

Affirmed, except that the case must be remanded with instructions to adjust the bill of costs in accordance with the tenor of this opinion by deleting jury and bailiff expenses.