COMMONWEALTH *vs.* JAMES BRENNICK. July 21, 1982. The defendant claims he was deprived of the effective assistance of counsel when sentence was imposed pursuant to G. L. c. 278, § 24. We agree.

We take the facts from the parties' agreed statement as the record on appeal. See Mass.R.A.P. 8(d), as appearing in 378 Mass. 934 (1979). After his conviction for breaking and entering a building in the nighttime with intent to commit a felony, the defendant appealed to the jury session of the Boston Municipal Court. The case was continued to January 27, 1981, at which time the defendant was defaulted. The Commonwealth filed a motion for sentence pursuant to G. L. c. 278, § 24, but the defendant's counsel, Martin Rosenthal, an attorney on the staff of the Massachusetts Defenders Committee, did not receive notice of the motion.

On March 2, 1981, the defendant was brought before a judge sitting in the Boston Municipal Court. An attorney on the staff of the Massachusetts Defenders Committee (not Mr. Rosenthal) was called into the courtroom and was asked by the judge why the defendant had not been in court on January 27. The attorney replied that he had never spoken to the defendant, had no knowledge of the case, had never been counsel of record and requested that the case be continued for a hearing at a time when the defendant could be represented by his attorney, Mr. Rosenthal. The judge instructed the attorney to ask the defendant why he had not been in court. After again requesting that the case be held until Mr. Rosenthal could appear, the attorney, on orders from the judge to ask the defendant why he had not come to court, did so and reported to the court that the defendant "stated that he had been unsure of his court date." Thereupon, the judge, over the attorney's objection, ordered that the lower court sentence of one year be imposed forthwith. The entire proceedings took approximately two minutes.

The defendant had the right to have his counsel present "at every stage of the proceedings" including sentencing. Mass.R.Crim.P. 8(a), 378 Mass. 857 (1979). Cf. rule 28(b), 378 Mass. at 898. See *Mempa* v. *Rhay*, 389 U.S. 128, 134 (1967); *Osborne* v. *Commonwealth*, 378 Mass. 104, 113-114 (1979). Since the decision to declare a default or to lift a default is, like the decision on sentencing, one "left to the discretion of the judge," *Commonwealth* v. *Coughlin*, 372 Mass. 818, 821 (1977), see also *Commonwealth* v. *Bartlett*, 374 Mass. 744, 747 (1978), a defendant is entitled to an informed exercise of that discretion. Therefore, the "necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and . . . assisting the defendant to present his case . . . [at this stage] is apparent." *Osborne* v. *Commonwealth*, 378 Mass. at 114, quoting from *Mempa* v. *Rhay*, 389 U.S. at 135.

The presence of a lawyer of the Massachusetts Defenders Committee other than the defendant's appointed attorney did not satisfy that need. The assistance of a lawyer "who could know almost nothing about the case[ ]," *Lindsey* v. *Commonwealth*, 331 Mass. 1, 5 (1954), is not the benefit of counsel to which the defendant is entitled. *Id*. at 4-5. His own counsel was absent without fault on his part or on the part of the defendant.

Accordingly, the sentence is vacated and the case is remanded to the Boston Municipal Court for a determination, with counsel present, whether the default of January 27, 1981, should be removed, and if not, for resentencing.

*So ordered.*

*Patricia A. O'Neill* for the defendant.
*Michael J. Traft*, Assistant District Attorney, for the Commonwealth.