**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Steve Robert GROSE and Patrick Alexander Malone, Defendants-Appellants.**

**Nos. 79–1803, 79–1804 (Trial Group N).**

United States Court of Appeals,
Tenth Circuit.

June 17, 1982.

Rehearing Denied Aug. 11, 1982.

John S. Evangelisti of Lafond & Evangelisti, Denver, Colo. (Jonathan L. Olom, Denver, Colo., Tim Correll, Denver, Colo., Cathlin Donnell of Kelly, Haglund, Garnsey, Kahn & Donnell, and Michael G. Katz, Federal Public Defender, Denver, Colo., on the briefs), for defendants-appellants.

Nancy E. Rice, Asst. U. S. Atty., D. Colo., Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., with her on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, McKAY, LOGAN and SEYMOUR, Circuit Judges.

On Petition For Rehearing En Banc

SETH, Chief Judge.

These are part of a series of eighty-six appeals from convictions for violating 42 U.S.C. §§ 2278a(a) and (b) and 10 C.F.R. §§ 860.3, 860.5(a), and 860.6.

Appellants in Trial Group N were arrested on the railroad tracks within the 100-foot wide easement owned by DOE. For the facts surrounding the arrest site, *see United States v. Dukehart,* 687 F.2d 1301 (10th Cir.), filed this date. For the facts surrounding the post-arrest and pretrial proceedings, *see United States v. Seward,* 687 F.2d 1270 (10th Cir.), filed this date.

The issues presented by this trial group are as follows:

1.  The trial judge erred in refusing to allow appellants to present to the jury the defense of "necessity" or "choice of evils."

2.  The convictions are invalid because the designation of boundaries in the Federal Register on April 13, 1979 fails to comply with the provisions of 5 U.S.C. §§ 551, et seq., 42 U.S.C. §§ 7191, et seq., and 10 C.F.R. §§ 860.1, et seq., as well as internal DOE standards published at 44 Fed. Reg. 1032 (January 3, 1979).

3.  The trial court erred in denying appellants' motion to dismiss for failure to state a crime when the publication in the Federal Register required by 10 C.F.R. § 860.7 was defective because it failed to prohibit trespassing.

4.  The trial court's comments prior to the issuance of jury instructions created an inference of appellants' guilt unsupported by the evidence.

Steve Robert Grose alone raises the following issue on appeal:

The sentencing of an indigent defendant to a committed fine under 18 U.S.C. § 3565 violates equal protection rights because such sentence results in an incarceration sentence penalty solely because of the indigency status.

The first issue is controlled by our decision in *United States v. Seward.* Issues numbered 2 and 3 are covered by the court's opinion in *United States v. Thompson,* 687 F.2d 1279 (10th Cir.), filed this date.

Defendants object to the following quote read by the judge prior to giving the instructions:

"To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves, as a matter of conscience, to disobey is to invite chaos. No legal system could long survive if it gave every individual the option of disregarding with impunity any law which by his personal standards was judged morally untenable. Toleration of such conduct would not be democratic but inevitably an hierarchy [sic]."

Defendants contend the comment was prejudicial because it suggested they should be found guilty if they intended to commit

civil disobedience, even though such intent is not an element of the charged crime of trespass.

█ We have examined the record and conclude that the jury could not have been prejudiced by the remarks. This comment was within the court's discretion as an attempt to correct any misimpressions that might have been given by statements of defendants. In addition, any prejudice from these remarks was corrected by the subsequent instructions that clearly set forth the elements of the offense.

Grose was found guilty of trespass under 42 U.S.C. § 2278a(b), which carries as its only penalty a fine. 10 C.F.R. § 860.5(a). The judgment entered against him reads as follows:

> "It is the Judgment and sentence of the court that defendant be fined in the amount of one thousand dollars ($1,000.00), and, in accordance with the provisions of 18 U.S.C. 3565, it is directed that defendant be imprisoned until the fine is paid, provided, however, that the direction for imprisonment is stayed until 20 days after this judgment becomes final."

Indigent defendants can apply for relief from this commitment under 18 U.S.C. § 3569 only after thirty days' confinement. Grose was indigent at the time of trial, as shown by the appointment of counsel to defend him. Grose argues that it is unconstitutional to imprison a defendant for even thirty days on the basis of indigency when the statute only provides for a fine.

The government does not argue the merits of the case, but contends the argument is not properly before the court because Grose has not yet been sent to jail, and by the time the appeal is finished he may have the money to pay the fine. The government's argument seems to go against *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). There defendant was not faced with the alternative—paying the fine or remaining in jail—until after the end of his one-year sentence. Although

the case was not decided until after defendant had served the one-year term, the Supreme Court of Illinois, which heard the case prior to appeal to the Supreme Court of the United States, found no problem of prematurity and the Supreme Court did not overturn this. *Id.* at 237 n.5, 238, 90 S.Ct. 2020, n.5, 2020. A similar prematurity argument was rejected in *United States v. Glazer*, 532 F.2d 224 (2d Cir.), *cert. denied*, 429 U.S. 844, 97 S.Ct. 123, 50 L.Ed.2d 115 (1976). Although both *Williams* and *Glazer* involved defendants already in jail, we fail to see how this differs from Grose's situation, unless being out of jail makes it more likely that Grose could come up with the money.

█ If we find the case premature, Grose will be faced immediately with the alternative of paying the fine or going to prison. It is possible that he will have the money then, but this is speculative; if he does not have the money, he goes to jail. *Cf. United States v. Estrada de Castillo*, 549 F.2d 583 (9th Cir. 1976). (Board of Prisons had recognized the unconstitutionality of this statute and provided a procedure for release upon a showing of indigency.) Grose then would have to file another appeal to this court. We believe that it would serve the interests of judicial efficiency to decide this issue now; the issue is sufficiently concrete and the possibility of mootness is only speculative.

In *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), the trial court had sentenced defendant to one year in jail, maximum for that crime, and a $50 fine, and directed that if defendant defaulted in the payment of the fine at the expiration of the one year, he should remain in jail. Defendant brought suit while still in jail, alleging indigency. The Supreme Court found the state statute allowing imprisonment for nonpayment of a fine not to be unconstitutional on its face, but unconstitutional in its operation because it discriminated against indigent people who could not pay the fine since it extended their sentence beyond the statutory maximum.

In *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), defendant was

fined $425 and, because he was unable to pay due to indigency, was committed to prison on the basis of a state statute. The court found this to be unconstitutional also since it converted a fine into a prison sentence based solely on indigency. The court stressed, however, that there is no constitutional problem with sending someone to jail who can pay the fine and yet refuses to do so.

We hold, based on these two Supreme Court cases, that it is unconstitutional for Grose to be sent to prison under 18 U.S.C. § 3565 if he cannot pay the fine due to indigency. Since the substantive criminal statute here only carries the sanction of a fine, to hold otherwise would sentence indigents to imprisonment for a violation while nonindigents' freedom remains intact.

Whether Grose is indigent when the fine is due must be established by him at that time. If he cannot establish his indigency and yet refuses to pay the fine, the government is free to carry out the prison sentence.

For the reasons set forth above and for the reasons set forth in *United States v. Seward* and *United States v. Thompson*, the judgments are affirmed as modified.