GULOTTA, Chief Judge.
Robert Angulo was convicted of simple robbery, LSA-R.S. 14:65, and was sentenced to serve seven years at hard labor and to pay a $3,000.00 fine or serve one additional year in prison.[1] In two assignments of error, defendant contends 1) that the maximum statutory sentence imposed is excessive and 2) that as an indigent he was illegally sentenced to additional time should he fail to pay the fine. We affirm the conviction, but vacate that part of the sentence imposing the additional jail term in default of the fine.
Before turning to defendant’s assignments of error, we have reviewed the record for errors patent and have found none.
In support of his argument that his sentence is excessive, defendant points out that “although he admitted to being an illegal alien and to have used several aliases”, his lack of criminal history prior to the instant offense does not warrant imposition of the maximum statutory penalty. We disagree.
The trial court, in its reasons for imposition of sentence, stated:
“This defendant is 25 years old and has presented no consistent work record other than itinerant labor. He was arrested in Miami, Florida in 1980 for strong-armed robbery. Shortly thereafter, he was deported to Columbia.
In 1982 he was arrested in California for battery and in 1983 with assault with a dangerous weapon. The details of his latest crime are outrageous. He attacked a 78-year old lady, ripped a med- *1190 dalion [sic] and chain from around her neck knocking her to the pavement and injuring her in the process. The lady was on her way to church at the time.
It is indeed unfortunate that the legislature has not seen fit to increase the penalty for this type of animalism. Further comment would be superfluous”.
A sentence within the statutory limit is unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering”. State v. Brogdon, 457 So.2d 616 (La.1984), certiorari denied Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, (1985); State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985). In reviewing a maximum statutory sentence, it is incumbent for a reviewing court to determine whether the trial judge adequately complied with the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1 and whether the sentence is warranted in the light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982). Although a judge need not specifically recite each of the factors listed in LSA-C.Cr.P. Art. 894.-1, the record must reflect that he adequately considered the sentencing guidelines and that there is an adequate factual basis for the sentence imposed. State v. Soco, supra.
Having reviewed the transcript of the sentencing hearing, we cannot say that the judge failed to consider the statutory guidelines or to justify the sentence with factual reasons. Although in imposing sentence the trial judge did not enumerate every factor contained in LSA-C.Cr.P. Art. 894.1, he did consider the defendant’s age, his history of criminal offenses, and the facts of the instant offense, including the brutal nature of the attack on the elderly victim. Under such circumstances, we cannot say the maximum sentence and fine are excessive.
We do find merit however, to defendant’s argument that the trial judge erroneously required him to serve an additional year in jail in default of payment of the $3,000.00 fine. Defendant was an indigent represented at trial by the Orleans Indigent Defender Program. We have previously held that an indigent cannot be subjected to a longer period of imprisonment simply because he cannot pay a fine or court costs. State v. Garrett, 484 So.2d 662 (La.1986); State v. Williams, 484 So.2d 662 (La.1986); State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986).
Accordingly, we delete and set aside that portion of defendant’s sentence imposing an additional year in default of payment of the $3,000.00 fine. In all other respects, the conviction and sentence are affirmed.
CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND AFFIRMED IN PART.

. The maximum sentence for simple robbery under LSA-R.S. 14:65 is imprisonment with or without hard labor for not more than seven years and/or a fine of not more than three thousand dollars.