CIACCIO, Judge.
Linel Davis was charged with and convicted, after a jury trial, of the crime of obscenity. La. R.S. 14:106(A)(1). He was sentenced to pay a fine of $1,000 or serve six months in Parish Prison and to pay court cost of $155.00 or serve 30 days in default thereof. Davis appeals his sentence relying upon a single assignment of error. Finding merit with this assignment we affirm the defendant’s conviction, vacate his sentence and remand for resen-tencing in accord with the opinion expressed herein.
On January 19, 1988 at approximately 1:30 p.m., Earl Cooney, the manager of Delchamps’ Grocery located at 3640 MacArthur Blvd. in New Orleans, received a complaint from a female customer of the activities of a black male parked in the lot outside the store. A clerk was dispatched to secure the description and license plate number of the vehicle in which the male was located. Pursuant to a phone call from Mr. Cooney to the New Orleans Police Department two officers were dispatched to the scene. The officers talked to Mr. Cooney and then rode around the parking lot until they located the suspect in his vehicle. Officers Robert Heindel and Rhonda Hamann exited their vehicle and both saw the defendant as he sat in his vehicle with the windows down. Both police officers observed the defendant holding his penis in his hand and masturbating. They thereafter placed Linel Davis under arrest.
In his sole assignment of error Davis contends that a sentence which subjects him, as an indigent, to serve jail time in lieu of the payment of a fine and/or court cost is unconstitutional.
A defendant is presumed indigent when the trial court appoints a public defender to represent him on appeal. See: State v. Jackson, 492 So.2d 1265 (La.App. 4th Cir.1986); State v. Williams, 288 So.2d 319 (La.1974). An indigent defendant cannot be subjected to a longer period of imprisonment simply because he cannot pay a fine or court costs. State v. Angulo, 517 So.2d 1188 (La.App. 4th Cir.1987). Accordingly, we vacate, as illegal, that portion of the sentence that imposes a 30 day imprisonment for failure to pay court costs.
The other portion of the sentence, a $1000.00 fine or 6 months imprisonment, presents a more complex issue of law. The fine and jail sentence are the minimum prescribed by law. The defendant was originally represented by private counsel, has remained free on bond during the trial and appeal, and the record is unclear as to whether defendant’s attorney, at trial, was acting as private counsel rather than in his capacity as an O.I.D.P. attorney. Prior to the forma pauperis appeal order there is nothing in the record to prove the defendant’s indigency.
Accordingly, the trial judge had no reason to question the validity of the sentence he imposed. On appeal, for the first time, defendant’s indigency is urged in brief, and the sentence is retrospectively attacked on that ground. If Davis is determined to be indigent the court’s sentence of a fine or imprisonment indicates that the Trial Court determined that a fine would be an appropriate sentence but the practical result is that Davis will be incarcerated because of his indigency. Therefore, there must be an *22 inquiry into whether Davis is indigent, and if so the reason for the indigent defendant’s inability to pay, and the Trial Court must then consider the propriety of reducing the fine, or extending the time for payments, or making alternative orders. See, Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).
Accordingly, we remand for an indigency determination and, depending on that outcome, the Trial Court should follow the mandate of Bearden in selecting a sentence for Davis.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.