## COMMONWEALTH *vs.* DAVID H. FEENEY.

No. 90-P-725.

Norfolk. June 10, 1991. - July 30, 1991.

Present: WARNER, C.J., KASS, & LAURENCE, JJ.

Further appellate review granted, 411 Mass. 1104 (1991).

*Practice, Criminal,* Appeal to jury session, Default, Pretrial conference, Judicial discretion.

Failure of a criminal defendant to appear at the pretrial conference of his appeal under G. L. c. 218, § 27A, to the jury-of-six session of a District Court warranted the judge to order the entry of a default under G. L. c. 278, § 24. [145-146]

A District Court judge in the jury-of-six session properly exercised his discretion to impose the bench trial sentence pursuant to G. L. c. 278, § 24, upon a criminal defendant who had been in default for sixteen months from the date of the pretrial conference of his appeal. [146-148]

COMPLAINT received and sworn to in the Quincy Division of the District Court Department on November 14, 1986.

On appeal to the jury session of the Dedham Division, sentence was imposed by *Paul F. Healy, Jr.,* J., following default by the defendant.

*Benjamin H. Keehn,* Committee for Public Counsel Services, for the defendant.

*Robert C. Cosgrove,* Assistant District Attorney, for the Commonwealth.

WARNER, C.J. On February 19, 1987, the defendant was found guilty after a District Court bench trial of breaking and entering a motor vehicle in the nighttime with intent to commit a misdemeanor. See G. L. c. 266, § 16A. He was sentenced to probation for one year with an order with respect to restitution. The defendant timely appealed for a de novo trial in the District Court jury-of-six session, see G. L. c. 218, § 27A, where a mandatory pretrial conference, see

Mass.R.Crim.P. 11(a), 378 Mass. 862-863 (1979), was scheduled for March 27, 1987. When the defendant failed to appear at the conference, a default warrant for his arrest was issued. He was arrested on the warrant on July 22, 1988, almost sixteen months from the date of the default. Thereafter, the Commonwealth's motion for imposition of the bench trial sentence was allowed. See G. L. c. 278, § 24.[1]

On appeal, the defendant argues that his failure to appear at the pretrial conference was not a "solid" default justifying reinstatement of the lower court sentence. See *Commonwealth* v. *Coughlin*, 372 Mass. 818, 821 (1977); *Commonwealth* v. *Higgins*, 23 Mass. App. Ct. 552, 558 (1987) (in order for judge to apply G. L. c. 278, § 24, and impose the lower court sentence, the defendant's default must be "solid"). Alternatively, the defendant claims that the judge failed to perceive the discretionary nature of the imposition of a default under G. L. c. 278, § 24.

1. A solid default occurs "when a defendant fails through his own conduct to appear in court for proceedings which require his presence." *Commonwealth* v. *McVicker*, 20 Mass. App. Ct. 713, 716 (1985). The defendant's presence for purposes of an appeal to a District Court jury session under G. L. c. 218, § 27A, is required at trial. See *Commonwealth* v. *Espinoza*, 28 Mass. App. Ct. 65, 66-67 (1989). Such an escalated trial is not, however, the only related court proceeding which demands a personal appearance by the defendant.

The procedural rule with which we are concerned provides: "The defendant *shall* be available for attendance at the pretrial conference" (emphasis supplied). Mass.R.Crim.P. 11(a)(1), 378 Mass. 862 (1979).[2] The defendant's availability is required pursuant to that rule in order to facilitate (1)

---

[1]The statute provides, in pertinent part: "If [an] appellant fails to enter and prosecute his appeal, he shall be defaulted on his recognizance and the jury-of-six session may impose sentence upon him for the crime of which he was convicted, as if he had been convicted in said court. . . ." G. L. c. 278, § 24, as amended by St. 1978, c. 478, § 305.

[2]At oral argument, the defendant's counsel properly conceded that the record supports a conclusion that the defendant was not "available," even

agreements amounting to the waiver of a constitutional right; (2) stipulations of material fact; and (3) other agreements which do not involve constitutional waivers. See Reporter's Notes to Mass.R.Crim.P. 11(a), Mass. Ann. Laws, Rules of Crim. P. at 196 (Law. Co-op. 1979). Those concerns are "beneficial to all parties and not just the defendant." *Commonwealth* v. *McVicker*, *supra* at 717. In this respect, a pretrial conference is distinguishable from a pretrial defense motion, which the defendant may unilaterally withdraw, waive, or forfeit. *Id.* at 716-717. Given the explicit requirements of Mass.R.Crim.P. 11(a), *Commonwealth* v. *Preston*, 10 Mass. App. Ct. 807, 810 (1980) (rule is explicit in requiring that defendant be available for pretrial conference), the failure to appear for a pretrial conference warrants default under G. L. c. 278, § 24.[3]

2. The defendant next argues that, even if the failure to attend a pretrial conference may constitute a solid default, the judge proceeded under the misapprehension that he was without discretion in applying G. L. c. 278, § 24. As a result, the defendant says, the court deprived him of the "informed exercise of . . . discretion," to which he was entitled. *Commonwealth* v. *Brennick*, 14 Mass. App. Ct. 952, 953 (1982).

Attempting to determine whether to default the defendant and impose the lower court sentence, the judge asked, "What other possible remedy does the court have if [the defendant] decides not to appear" for the pretrial conference? The ques-

---

on his own version of his whereabouts on the day of the pretrial conference.

[3]The defendant's reliance on *Commonwealth* v. *Bartlett*, 374 Mass. 744, 745, 748 (1978), is misplaced. While the Supreme Judicial Court held in that case that the failure to appear for a pretrial conference was not a solid default, the case was decided before the promulgation of Mass.R.Crim.P. 11(a). See *Commonwealth* v. *McVicker*, 20 Mass. App. Ct. at 716.

Nor is the defendant aided by *Commonwealth* v. *Espinoza*, 28 Mass. App. Ct. at 66. In *Espinoza*, this court suggested that the failure to appear for a pretrial conference leading to a *bench* trial would not ordinarily be a solid default. Because the defendant in *Espinoza* had not been tried and convicted prior to missing the scheduled conferences, the default provisions of G. L. c. 278, § 24, were inapplicable.

tion invited a response which would help inform the judge of available options. The question was understood in that sense by defense counsel.[4] It is clear from the record that the judge did not perceive default under G. L. c. 278, § 24, to be an automatic or exclusive remedy. Rather, he thoughtfully attempted to gather, and to apply, the information necessary for an "informed exercise" of discretion. *Commonwealth* v. *Brennick*, 14 Mass. App. Ct. at 953.

"In testing whether the exercise of discretion to declare a solid default has been sound, we consider the conduct of the defendant and the inquiry made by the judge into the circumstances of the defendant's absence." *Commonwealth* v. *Espinoza*, 28 Mass. App. Ct. at 68. In addition to inquiring about alternative remedies, the judge specifically asked the defendant's counsel for an explanation of his client's absence. Counsel responded: "He had to attend a funeral for . . . a friend of the family. That's the only reason he is offering to the court."[5] To be solid, a default need not be wilful; "[i]t is enough that the defendant has not acted as a responsible person in the face of the demand of lawful authority." *Commonwealth* v. *Parillo*, 29 Mass. App. Ct. 969, 971 (1990).

Understandably, the defendant's counsel's explanation at the hearing on the default motion that the defendant decided to attend the funeral of an unidentified "friend of the family" rather than the pretrial conference, made some sixteen months after the default and after the defendant's arrest on the warrant, could have been, and was, viewed skeptically by the judge. His implicit conclusion that the defendant's decision reflected a conscious disregard of the duty to be avail-

---

[4]In reply, the defendant's counsel proposed that the case be "deemed fully conferenced and set down for trial," and that "all motions [be] waived." These suggested sanctions are those outlined conjunctively in Mass.R.Crim.P. 11(a)(2)(B), 378 Mass. 864 (1979), for the failure to file a pretrial conference report and to appear at a scheduled pretrial conference. Assuming, without deciding, that these remedies also apply to the failure only to appear at the pretrial conference itself, they are not exclusive. "The parties shall be subject to such other sanctions as the judge may impose." Mass.R.Crim.P. 11(a)(2)(B).

[5]See note 2, *supra.*

able is fully supported. *Commonwealth* v. *Espinoza, supra* at 69.

*Judgment affirmed.*