COMMONWEALTH *vs.* LINDA M. BARTLETT.

Worcester. January 4, 1978. — April 5, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & ABRAMS, JJ.

*Practice, Criminal,* Appeal to Superior Court, Default. *Statute,* Construction.

Where a defendant on a motion to revoke a sentence imposed pursuant to G. L. c. 278, § 24, alleged that her failure to appear and prosecute her appeal in the Superior Court was the result of the fact that notice of the date on which she was to appear was sent to an incorrect address and consequently she had not received notice, the burden was on the Commonwealth to prove that notice was properly sent. [746-747]

A judge erred in denying a defendant's motion to revoke a sentence imposed under G. L. c. 278, § 24, on the ground that she had not received notice to appear where the Commonwealth did not prove that notice had been sent to the defendant's address of record. [747-748]

COMPLAINTS received and sworn to in the First District Court of Northern Worcester on July 14, 1976.

On appeal to the Superior Court, sentences were imposed by *Meagher,* J., following default by the defendant.

The Supreme Judicial Court granted a request for direct appellate review.

*Thomas Hoffman* for the defendant.

*Daniel F. Toomey,* Assistant District Attorney, for the Commonwealth.

QUIRICO, J. On August 17, 1976, the defendant was found guilty in the First District Court of Northern Worcester on two complaints, one charging assault and battery and the other charging larceny from a person. She was

sentenced to a suspended term of six months in a house of correction on the complaint for assault and battery and a term of three months on the complaint for larceny. She claimed an appeal to the Superior Court for trial de novo in both cases.

The notice of the defendant's appeals, which was furnished by the clerk of the District Court to the clerk of the Superior Court in Worcester County, as reproduced in the record before us, stated her address as "163 Pine St., Gardner, Mass."[1] The Superior Court probation department listed her address as "163 Pine Street, Gardner." On September 14, the clerk of the Superior Court issued notice of a pre-trial conference which ordered the defendant to appear in court on September 28. The notice was mailed to the defendant at "38 Pine St., Gardner, Mass. 01440," an address with no apparent connection to her.[2] No notice of appeal was sent to the defendant's District Court counsel.

When the defendant did not appear at the call of the list on September 28, she was defaulted by a judge of the Superior Court. The judge issued a capias for the defendant's arrest and, without the defendant being present, the judge, acting pursuant to G. L. c. 278, § 24, imposed the same sentences that had been imposed in the District Court. On November 2, the defendant was arrested on the capias and, on November 3, she was brought into Superior Court and counsel was appointed to represent her. On November 4, the defendant filed a motion to revoke the sentence imposed pursuant to G. L. c. 278, § 24, and an affidavit in support thereof, alleging that she had never received notice to appear in Superior Court. The judge denied the motion and

---

[1] The notice of appeal also stated that the defendant was not represented by counsel. She had been represented in the District Court by private counsel, who withdrew from the case at the conclusion of the proceedings there.

[2] The address of the defendant's District Court counsel was "38 Parker Street, Gardner, Massachusetts 01440." This may account for the error on the notice to appear.

the defendant's exception was noted.[3] The cases are before us on the defendant's substitute consolidated bill of exceptions. They were entered in the Appeals Court and are now before this court as the result of our allowance of the defendant's application for direct appellate review. G. L. c. 211A, § 10. We sustain the exceptions in both cases.

General Laws c. 278, § 24, provides: "If the appellant fails to enter and prosecute his appeal [from conviction in the District Court], he shall be defaulted on his recognizance and the superior court may impose sentence upon him for the crime of which he was convicted, as if he had been convicted in said court, and, if he is not then in custody, may issue process to bring him into court to receive sentence."[4] The defendant claims that the Superior Court judge erred in refusing to revoke the sentences he imposed under the statute for the reason, *inter alia*, that the defendant did not receive the notice to appear, and, thus, cannot be held to have failed "to enter and prosecute" her appeals.[5]

---

[3] The record does not indicate any statement by the judge of his reasons for his actions. In *Commonwealth* v. *Coughlin*, 372 Mass 818, 822 n.7 (1977), decided after the present cases were heard in the Superior Court, we said: "It would be advisable for judges in nonroutine cases to state for the record the reason for defaulting a defendant or refusing to remove a default."

[4] We emphasize that the procedure for defaulting persons under c. 278, § 24, applies only when a defendant has been previously charged with a crime, tried in a District Court on such charge, convicted, claimed an appeal to the Superior Court for trial de novo, and has failed to appear for trial in the Superior Court.

[5] The defendant's substitute bill of exceptions, included in the record, does not contain an allegation that the defendant did not receive notice to appear. However, subsequent to the filing of the bill and preparation of the record, the defendant moved to incorporate into the substitute bill of exceptions her motion to revoke sentence, which was filed in the Superior Court and which contained the allegation that she had not received notice to appear, plus a supporting affidavit. The Commonwealth, which initially objected to the motion to expand the record in this manner, withdrew its objection by letter after oral argument before this court. Accordingly, the defendant's motion to revoke the sentences and the accompanying affidavit of nonreceipt of notice to appear are presently before us.

This court has previously considered the statute's require-
ment that a defendant "enter . . . his appeal" as being one
of semantic surplusage since the appeal is "entered" at the
time it is claimed, and we have noted that "[t]he failure to
prosecute the appeal has typically consisted of failure to ap-
pear in the Superior Court proceedings as required." *Com-
monwealth* v. *Coughlin,* 372 Mass. 818, 821 (1977). The
defendant argues, however, that no common sense interpre-
tation of the phrase "fails to enter and prosecute" would in-
clude the defendant's failure to appear for a call of her case
when she was never notified to appear. In support thereof
the defendant cites K.B. Smith, Criminal Practice and Pro-
cedure § 749, at 356 (1970), which provides in part: "As to
the prosecution of the appeal, [the appellant] merely waits
until he hears from the Clerk or the District Attorney re-
garding the date of the hearing on the appeal." See *Com-
monwealth* v. *Coughlin, supra* at 821 n.4. The defendant
claims that since her obligation is to appear when notified,
she cannot be said to have "failed" that obligation if,
through no fault of her own, she never received notice to ap-
pear. We agree.

In reviewing a decision declaring a defendant in default
on an appeal for trial de novo, or a decision refusing to
remove such a default, we normally defer to the discretion
of the judge. *Id.* However, we are unable to do so in the
present case. The statutory scheme of G. L. c. 278, § 24,
provides the Superior Court a speedy mechanism for proc-
essing appeals which might otherwise indefinitely linger on
court calendars because of the failure of appellants to ap-
pear, but it does not relieve the Commonwealth of its bur-
den of duly notifying appellants when they are to appear for
trial. The defendant argued in the Superior Court that her
failure to appear for trial of the appeals was not because of
any neglect by her, but rather because of error in the clerk's
office in mailing the notice to the wrong address. From the
limited record before us, it appears that the address "163
Pine St., Gardner, Mass.," contained in the notice of appeal
on file with the clerk's office, was the defendant's address as

appearing on the records of the Superior Court. Once she raised the question of the mailing of notice to appear to an apparently incorrect address, "38 Pine St., Gardner, Mass. 01440," and her consequent lack of receipt of notice, the burden was on the Commonwealth to prove that notice was, in fact, properly sent. From the record, it appears that the Commonwealth failed to sustain its burden.[6]

"An examination of the reported cases under [G. L. c. 278, § 24], indicates that sentencing without further trial was undertaken there [only] after solid defaults of appearance. See *Commonwealth* v. *Whitney*, 108 Mass. 5 (1871); *Batchelder* v. *Commonwealth*, 109 Mass. 361 (1872); *Commonwealth* v. *Swain*, 160 Mass. 354 (1894) (see record on appeal); *Commonwealth* v. *Drohan*, [210 Mass. 445 (1912)]." *Commonwealth* v. *Coughlin*, 372 Mass. 818, 821 (1977). In light of the fact that the Commonwealth did not here prove that notice to the defendant to appear for trial of her appeal had been sent to her address of record, we cannot say that her failure to appear constituted a "solid default." It was thus error for the judge to default the defendant and to deny her motion to revoke sentence.

The defendant also contends that G. L. c. 278, § 24, on its face and as applied in the instant case, deprives her of the

---

[6] We note that, although the defendant supported her allegation that she did not receive notice to appear by way of uncontroverted affidavit, our decision today does not rest on such fact. In *Farley* v. *Sprague, ante* 419, 425 (1978), we held that the rule commonly applied in criminal cases, that a judge is not bound by uncontroverted allegations in affidavits accompanying motions, was not to be applied to a situation involving a motion for relief from judgment under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), and similar situations arising under other of the Massachusetts Rules of Civil Procedure, 365 Mass. 730 (1974). We reached that result on the basis of the prior adjudged construction of the Federal Rules of Civil Procedure on which our rules were patterned. *Farley* v. *Sprague, supra* at 425. See *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975). However, in *Farley*, we refrained from suggesting any change as to motions for a new trial in criminal cases, where the rule as to judicial discretion in the acceptance of uncontroverted affidavits had historically been applied. *Id.* at 425-426. We do not now attempt to apply the reasoning of *Farley* to the facts of the present case.

constitutional right to trial by jury. A court will ordinarily "not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. . . . Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter. . . . 'When the validity of an act . . . is drawn in question, and even if a serious doubt of constitutionality is raised, it is a cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided.' *Crowell* v. *Benson*, 285 U.S. 22, 62 [1932]." *Ashwander* v. *Tennessee Valley Auth.*, 297 U.S. 288, 347-348 (1936) (Brandeis, J., concurring). See *United States* v. *UAW*, 352 U.S. 567, 590 (1957); *Burton* v. *United States*, 196 U.S. 283, 295 (1905); *School Comm. of Springfield* v. *Board of Educ.*, 366 Mass. 315, 334-338 (1974) (Quirico, J., concurring); *First Nat'l Bank* v. *Attorney Gen.*, 362 Mass. 570, 592-597 (1972) (Quirico, J., concurring), and cases cited therein. Because our conclusion as to the defendant's initial claim is based on an interpretation of G. L. c. 278, § 24, favorable to the defendant and dispositive of her case, we believe that by virtue of the above cited cases it is unnecessary to consider or pass on the constitutional questions raised. But see *Commonwealth* v. *Francis, post* 750, 755-759, and *Commonwealth* v. *O'Clair, post* 759, 764.

The sentences imposed by the judge pursuant to G. L. c. 278, § 24, are to be vacated and, at the defendant's option, the defaults are to be removed and the cases are to stand for trial in the Superior Court.[7]

*Exceptions sustained.*

---

[7] Because the defendant has already served her time on the sentences imposed, she may not wish to go forward on her appeals for trial de novo in the Superior Court.