COMMONWEALTH *vs.* DONALD H. MITCHELL. February 10, 1983. The defendant was found guilty after a bench trial in a District Court (G. L. c. 218, § 26A) of possession of a burglarious instrument, attempted larceny of a motor vehicle and wanton injury to property. Prior to trial the defendant signed a waiver of counsel, and a judge signed a certificate that he had advised the defendant of his right to counsel and that the defendant exercised the waiver in the judge's presence, both in the form prescribed by former S.J.C. Rule 3:10, 370 Mass. 911 (1976). Mass. R. Crim. P. 8(c), 378 Mass. 858 (1979). The defendant also signed a waiver and consent to be tried in the first instance without a jury, a prerequisite to such a trial. G. L. c. 218, § 26A. The defendant appealed his convictions to a jury of six session of the District Court. See G. L. c. 218, § 27A. On the scheduled trial date the defendant failed to appear and was defaulted, and the Commonwealth moved for the imposition of sentence pursuant to G. L. c. 278, § 24. After a hearing, at which the defendant was represented by counsel, the judge imposed the same sentences as given after the bench trial.

1. The defendant asks us to view this case as if he had been denied the right to counsel and had not executed a waiver of counsel at the bench trial for the reason that the waiver and certificate form filed with the papers in that session was not part of the record in the jury of six session. The issue was not raised before the trial judge and need not be considered by us for the first time on appeal. *Commonwealth* v. *Marchionda,* 385

Mass. 238, 242 (1982). Moreover, the defendant testified at the imposition of sentence hearing that he did not have counsel at the bench trial, the jackets of the complaints before the sentencing judge (the same complaints which were before the bench trial judge) were each stamped "Deft. Waived Counsel" (see *Commonwealth* v. *Deeran,* 364 Mass. 193, 198 [1973]), and the papers and docket entries in the bench trial session were readily available to counsel who represented the defendant at the sentencing hearing. We consider that the waiver of counsel and certificate form part of the record on appeal. Mass.R.A.P. 8(a), as appearing in 378 Mass. 932 (1979). The defendant's motion to strike the form and all references thereto from the Commonwealth's brief is denied. The form appears substantially regular on its face and constitutes an effective waiver of counsel by the defendant at the bench trial.

2. When a properly advised defendant elects to appear pro se he "is solely and individually responsible for his decision to do so and for the consequences resulting therefrom." *Commonwealth* v. *Brown,* 378 Mass. 165, 176 (1979). *Commonwealth* v. *Brattman,* 10 Mass. App. Ct. 579, 585 (1980). At the sentencing hearing, the defendant testified that he knew of the scheduled trial date in the jury of six session and chose not to appear because he was concerned about being arrested on outstanding warrants. Contrast *Commonwealth* v. *Bartlett,* 374 Mass. 744, 747-748 (1978). The defendant admitted signing a form containing a statement that his failure to appear could result in "possible loss of right to a new trial". He claimed that he had not read the form before he signed it, but the judge was not required to believe him. There was no error in the default and imposition of sentences. See *Commonwealth* v. *Francis,* 374 Mass. 750 (1978); *Commonwealth* v. *O'Clair,* 374 Mass. 759 (1978). Compare *Commonwealth* v. *Coughlin,* 372 Mass. 818 (1977); *Commonwealth* v. *Bartlett, supra.*

*Judgments affirmed.*

*Jane Larmon White* for the defendant.

*Lynn Morrill Turcotte,* Assistant District Attorney, for the Commonwealth.