SOUTH BOSTON ALLIED WAR
VETERANS COUNCIL, et
al., Plaintiffs,

v.

The Honorable Hiller B. ZOBEL,
et al., Defendants.

Civ. A. No. 93–10509–WF.

United States District Court,
D. Massachusetts.

March 11, 1993.

Chester Darling, Boston, MA, for South
Boston Allied War Veterans Council, John J.
Hurley, Massachusetts State Bd. of The An-
cient Order of Hibernians of America, Inc.

Peter Saks, Asst. Atty. Gen., Boston, MA,
for Hiller B. Zobel, Frederick L. Brown,
Herbert P. Wilkins, Commonwealth of Mas-
sachusetts, Massachusetts Com'n Against
Discrimination and Michael T. Duffy.

Claudia B. McKelway, Dep. Corp. Counsel,
City of Boston Law Dept., Boston, MA, for
Raymond Flynn, City of Boston and Richard
A. Dimino.

Mary Bonauto, Gay and Lesbian Advo-
cates and Defenders, Boston, MA, Gretchen
Van Ness, Jamaica Plain, MA, Philip M. Cro-
nin, Peabody & Arnold, John Ward, Zalkind,
Rodriguez, Lunt & Duncan, Boston, MA, for
Irish–American Gay, Lesbian and Bisexual
Group of Boston.

## MEMORANDUM AND ORDER

WOLF, District Judge.

### I. *Summary*

This federal case was filed two days ago, on March 9, 1993. It relates closely to ongoing litigation which has been pending in the courts of the Commonwealth of Massachusetts for a year. The state litigation was initiated by the Irish–American Gay, Lesbian, and Bisexual Group ("GLIB"), which initially sought and obtained a court order requiring its inclusion in the 1992 St. Patrick's Day—Evacuation Day parade (the "Parade") in Boston. As the complaint in the state litigation presented federal questions, the defendants, South Boston Allied War Veterans Council (the "Veterans Council") and other organizers of the Parade, had a right to remove that case to this United States District Court within 30 days after service of process. They chose, however, not to do so, even after the state court ordered GLIB's inclusion in the 1992 Parade.

Although there was modest activity in the state litigation between March 15, 1992, and January 1993, neither plaintiffs nor defendants pursued discovery or pressed to have the case resolved on the merits. In February 1993, GLIB revised its complaint and requested another court order requiring its inclusion in the 1993 Parade to be held on March 14, 1993. It obtained such an order from the Superior Court on February 19, 1993. The Veterans Council has since unsuccessfully sought to have that order vacated by single justices of the Massachusetts Appeals Court and Supreme Judicial Court. Having lost confidence in the courts of the Commonwealth of Massachusetts, the Veterans Council has not pursued its rights—which it retains today—to appeal the order requiring GLIB's participation in the 1993 Parade to the Massachusetts Appeals Court or to the Supreme Judicial Court.

Rather, now preferring a federal forum to litigate the federal questions in its ongoing dispute with GLIB, the Veterans Council and some of its co-defendants in the state litigation have filed this action, seeking relief pursuant to 42 U.S.C. § 1983 for alleged violations of their rights under the First Amendment of the United States Constitution. The Veterans Council most urgently requests that this court enjoin the operation of the pending state court order requiring that GLIB members be allowed to participate in the 1993 Parade, three days from today.

This court does not, however, have the power to consider the merits of the Veterans Council's claims or to order the relief it requests. This case is inextricably intertwined with the decisions of the state courts. The Veterans Council is, in essence, seeking to appeal adverse decisions in the state litigation to this United States District Court. Federal law provides that only the United States Supreme Court may review such decisions.

In addition, the Veterans Council in this case is seeking relief which would, if granted, implicate important state interests that are involved in ongoing state judicial proceedings. Those proceedings provide an adequate opportunity for the Veterans Council to litigate the federal questions it would now prefer a federal court decide. No exceptional reasons to assert federal jurisdiction have been demonstrated. Accordingly, clearly established principles of federalism and comity also require that this court not attempt to assert federal jurisdiction over this dispute.

Therefore, as more fully explained below, this case must be dismissed.

### II. *Procedural History*

The litigation concerning this dispute began on March 10, 1992, when GLIB and Barbara Kay, a member of GLIB, filed a complaint in Suffolk Superior Court against the Veterans Council and various officials of the City of Boston for excluding GLIB members from participating as a group in the annual Parade scheduled to be held on March 14, 1992.[1] The complaint sought relief under 42 U.S.C. § 1983, alleging that the Veterans Council and other defendants had violated plaintiffs' rights under the First

---

1. In addition, on March 3, 1992, Patrick Ward, a member of GLIB, filed a similar complaint with the Massachusetts Commission Against Discrimination ("MCAD").

Amendment of the United States Constitution, the Massachusetts Declaration of Rights, certain provisions of the Massachusetts Civil Rights Act (Mass.Gen.L. ch. 272, §§ 92A and 98), and Massachusetts common law by committing or condoning unlawful discrimination on the basis of sexual orientation. GLIB sought a court order requiring the defendants to allow GLIB members to march in the upcoming Parade.

As GLIB's complaint alleged federal as well as state claims, the defendants had the opportunity to remove the case to federal court within 30 days of service of process. *See* 28 U.S.C. §§ 1331, 1441, 1446. No defendant sought to remove the action to federal court. Rather, as explained in a hearing in this federal case on March 10, 1993, the Veterans Council and its co-defendants were content to litigate this dispute, including their defenses based on the United States Constitution, in the courts of the Commonwealth of Massachusetts.

On March 11, 1992, Judge Hiller Zobel of the Suffolk Superior Court issued a temporary restraining order to prevent the Veterans Council from interfering with GLIB's participation in the 1992 Parade. *Irish–American Gay, Lesbian & Bisexual Group of Boston, et al, v. City of Boston, et al.*, No. 92–1518 (Suffolk Sup.Ct. Mar. 11, 1992). On March 15, 1992, members of GLIB marched in the 1992 Parade. The Veterans Council did not exercise its right to remove the litigation to federal court following the 1992 Superior Court order.

Between March 15, 1992, and January 1993, little action was taken by any party in the case. During this period, the various defendants filed their answers to the March 10, 1992 complaint. The City of Boston defendants moved to dismiss the complaint, which the court denied in a hearing on December 10, 1992. Aside from filing an answer to the complaint, the Veterans Council did nothing to advance the case to a resolution on the merits. It did, however, unsuccessfully seek to enjoin the MCAD proceedings in October 1992.

On December 23, 1992, the Veterans Council obtained a permit for the 1993 Parade, to be held on March 14, 1993. In early January

1993, members of GLIB sought permission from the Veterans Council to march in the 1993 Parade. The Veterans Council denied GLIB's request.

On January 27, 1993, Timothy Daley and Cathleen Finn filed a complaint with the MCAD against the Veterans Council, alleging unlawful discrimination on the basis of Massachusetts law. On February 2, 1993, GLIB moved to amend its original state court complaint to seek relief with respect to the 1993 Parade. The Veterans Council filed a motion to dismiss and an opposition to GLIB's motion to supplement its pleadings. In its accompanying memorandum of law, the Veterans Council asserted that its decision to exclude members of GLIB from the Parade was protected by the First Amendment. *See* Defendants' Memorandum in Support of its Motion to Dismiss and in Opposition to Plaintiffs' Motion for Leave to File Supplemental Pleadings at 14–34 (dated Feb. 8, 1993).

On February 19, 1993, after a hearing, Judge Zobel issued an order declaring the Parade a "civic event" and enjoining the Veterans Council from interfering with GLIB's participation in the 1993 Parade. *Irish–American Gay, Lesbian & Bisexual Group of Boston, et al, v. City of Boston, et al.*, No. 92–1518 (Suffolk Sup.Ct. Feb. 19, 1993). The Veterans Council was then entitled to seek review of the Superior Court's interlocutory order by several appellate paths. Under Mass.Gen.L. ch. 231, § 118, ¶ 1, the Veterans Council had a right to file a petition to a single justice of the Massachusetts Appeals Court. Because the Superior Court granted a preliminary injunction, the Veterans Council also had a right to simultaneously appeal that decision to the Massachusetts Appeals Court or to the Supreme Judicial Court. *See* Mass.Gen.L. ch. 231, § 118, ¶ 2; Mass.Gen.L. ch. 211A, § 10; *Packaging Industries Group, Inc. v. Cheney*, 380 Mass. 609, 614, 405 N.E.2d 106 (1980) (stating that "the fact that an appeal may be taken as of right ... does not prohibit a party from seeking discretionary relief from a single justice").

The Veterans Council elected to pursue only one of its options. It filed a petition to a single justice of the Massachusetts Appeals

Court. On March 1, 1993, Justice Frederick A. Brown denied the Veterans Council's petition, holding that the Superior Court did not abuse its discretion in granting the preliminary injunction. *Irish–American Gay, Lesbian & Bisexual Group of Boston, et al, v. City of Boston, et al.,* No. 93–J–138 (Mass. App.Ct. Mar. 1, 1993). In his decision, Justice Brown addressed the merits of the case, including the Veterans Council's First Amendment claims, and approved the Superior Court's decision.

After failing to obtain relief from the single justice of the Massachusetts Appeals Court, the Veterans Council did not seek review of that decision by three justices of the Massachusetts Appeals Court. It only petitioned the Supreme Judicial Court for relief under Mass.Gen.L. ch. 211, § 3, which authorizes the Supreme Judicial Court "to correct and prevent errors and abuses [of lower courts] if no other remedy is expressly provided." The Veterans Council requested that its petition be heard by a full panel of the Supreme Judicial Court. The Supreme Judicial Court, however, declined this request. The matter was heard on March 3, 1993, by a single justice, Herbert P. Wilkins, who denied the petition. *Irish–American Gay, Lesbian & Bisexual Group of Boston, et al, v. City of Boston, et al.,* No. SJ–93–0081 (Mass.Sup.Jud.Ct. Mar. 3, 1991).

The Veterans Council did not ask the full Supreme Judicial Court to review Justice Wilkins' ruling. Nor did the Veterans Council exercise its right to appeal Judge Zobel's order to the Massachusetts Appeals Court and/or the Supreme Judicial Court.

Rather, on March 9, 1993, the Veterans Council filed suit in this United States District Court against the three Massachusetts judicial officers who participated in the state litigation, the Commonwealth of Massachusetts, the Mayor of Boston, the MCAD, GLIB, and others. Its complaint alleges violations of the United States Constitution, including the First Amendment, and the Massachusetts Constitution, and seeks relief pursuant to 42 U.S.C. § 1983. The Veterans Council contends that its federal suit is distinct from the state case because it now claims to have been damaged by the actions of judicial officers of the Commonwealth of Massachusetts. However, the core of its complaint asserts the same constitutional claims that it has already presented to the Massachusetts courts. In addition, the complaint seeks essentially the same relief requested in the state litigation—an order enjoining the enforcement of Judge Zobel's order regarding the 1993 Parade.

At a hearing on March 10, 1993, counsel for the Veterans Council acknowledged that the state court case has not yet gone to trial and, therefore, constitutes ongoing state litigation. He also acknowledged that with respect to the preliminary injunction, there remain state remedies that the Veterans Council could pursue. In particular, under Mass.Gen.L. ch. 231, § 118, ¶ 2, the Veterans Council still has a right to appeal the Superior Court's order, and the single justices' refusal to vacate it, to the Massachusetts Appeals Court or to the Supreme Judicial Court; the 30–day period for filing such appeals has not yet expired. Counsel candidly confirmed that the Veterans Council has simply "lost faith" in the state courts and, based on its experience in the past year, would now prefer to litigate its dispute with GLIB in federal court. This preference was reiterated in a second hearing on March 11, 1993.

III. *This Court Lacks Subject Matter Jurisdiction Under the Rooker–Feldman Doctrine.*

Though styled as a new federal cause of action, invoking 42 U.S.C. § 1983, the Veterans Council's complaint and motion for a preliminary injunction constitute no more than requests that this court review and reverse the decisions made by the courts of the Commonwealth of Massachusetts. This court does not have the power to do so.

The Supreme Court is the only federal court empowered to hear direct appeals of state court decisions. *See* 28 U.S.C. § 1257; *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1982). As the Supreme Court held in *Feldman,* lower federal courts do not possess

subject matter jurisdiction over appeals from state court decisions, even if those decisions involve questions arising under the United States Constitution. 460 U.S. at 486, 103 S.Ct. at 1316. Federal review of state court decisions is available solely through a petition for certiorari to the Supreme Court, pursuant to 28 U.S.C. § 1257. *Id.* at 487, 103 S.Ct. at 1317; *see also Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 286, 296, 90 S.Ct. 1739, 1742, 1747, 26 L.Ed.2d 234 (1970) (explaining that "[o]nly the Supreme Court was authorized to review on direct appeal decisions of state courts.... [L]ower federal courts possess no power whatever to sit in direct review of state court decisions."); *Henry v. Connolly,* 910 F.2d 1000, 1002 (1st Cir.1990) ("a federal court cannot presume to sit in direct appellate review of final state court determinations in judicial proceedings"); *Bricker v. Crane,* 468 F.2d 1228, 1231–32 (1st Cir.1972) (discussing established principle that state courts are fully competent to decide federal claims and that appeal to the Supreme Court is the only means available for federal review of a state court's decision).

Under the *Rooker–Feldman* doctrine, United States district courts do have subject matter jurisdiction to consider allegations that a state statute or rule, which may have been applied by a state court, is generally unconstitutional. *See Feldman,* 460 U.S. at 487, 103 S.Ct. at 1317; *Blue Cross and Blue Shield of Maryland v. Weiner,* 868 F.2d 1550, 1554 (11th Cir.), *cert. denied,* 493 U.S. 892, 110 S.Ct. 239, 107 L.Ed.2d 190 (1989); *Keene Corp. v. Cass,* 908 F.2d 293, 296 (8th Cir.1990). However, where, as here, federal plaintiffs challenge state court decisions relating to a particular case, the district court must dismiss for lack of subject matter jurisdiction, "even if those challenges allege that the state court's action was unconstitutional." *Feldman,* 460 U.S. at 486, 103 S.Ct. at 1316.

The question of the district court's subject matter jurisdiction does not depend on whether the case before it is formally styled as an appeal. Even when, as here, plaintiff brings its case as a new § 1983 claim to challenge an action taken by the state court,

the district court is without jurisdiction if the federal claim is "inextricably intertwined" with the state court's decision. *Feldman,* 460 U.S. at 483–84 n. 16, 103 S.Ct. at 1315–16 n. 16; *see also Worldwide Church of God v. McNair,* 805 F.2d 888, 891–92 (9th Cir.1986); *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 (10th Cir.1986); *Keene Corp.,* 908 F.2d at 296–97 ("[w]here a litigant attempts to circumvent the requirement of seeking direct review in the United States Supreme Court by casting her lawsuit as a section 1983 action, *Feldman's* jurisdictional bar applies").

In this case, the claims the Veterans Council seeks to litigate in this court are inextricably intertwined with the decisions rendered in the state litigation. This is graphically demonstrated by the Veterans Council's initial filings in this case, which in addition to the complaint consisted solely of filings, orders, and transcripts from the state litigation. In addition, the relief requested in the complaint is the same relief requested of the single justices of the Massachusetts Appeals Court and Supreme Judicial Court—vacating the Superior Court's order concerning the 1993 Parade.

In both the state litigation and in this case the Veterans Council has asserted that the Superior Court's order violates its members' rights under the First Amendment of the United States Constitution. Thus, it is evident that this case is in essence an appeal to a United States district court of decisions by the state courts which the Veterans Council finds disappointing. Such an appeal is impermissible.

This conclusion is not qualified by the fact that the decision from which the plaintiffs seek relief is preliminary in nature. Though the Supreme Court in *Feldman* discussed the inability of the district courts to review "final" state court judgments, 460 U.S. at 482–83, 103 S.Ct. at 1314–15, United States courts of appeals have applied the *Rooker–Feldman* doctrine to interlocutory orders as well as final judgments on the merits. *See e.g. Keene Corp,* 908 F.2d at 297 & n. 2 (applying *Feldman* to dismiss federal action claiming state court's discovery order was unconstitutional); *Lancellotti v. Fay,* 909 F.2d 15, 17 (1st Cir.1990) (finding that under *Feldman*

district court properly dismissed federal action seeking to enjoin state courts from enforcing order of contempt).

Indeed, in a case strikingly similar to this case, the Court of Appeals for the Third Circuit recently held that the *Rooker–Feldman* doctrine precluded a United States district court from reviewing on First Amendment grounds a state court's decision to issue a preliminary injunction. *Port Authority PBA v. Port Authority of New York and New Jersey*, 973 F.2d·169 (3rd Cir.1992). In that case the state court enjoined the Port Authority Police Benevolent Association ("PBA") from soliciting donations from tenants of the Port Authority pursuant to a Port Authority rule prohibiting such solicitations. *Id.* at 171. The plaintiffs then filed a complaint in the United States District Court for the District of New Jersey, seeking a preliminary injunction against the enforcement of the state court's order, based upon a claim that their fundraising activities were protected by the First Amendment. *Id.*

After ruling that the district court properly abstained from exercising jurisdiction pursuant to the *Younger* abstention doctrine,[2] the Court of Appeals held that the *Rooker–Feldman* doctrine deprived the district court of subject matter jurisdiction over the PBA's claim, because in deciding the PBA's First Amendment challenge to the injunction, the district court would have been required to address issues that were inextricably intertwined with the state court's decision. The court reached this conclusion even though the state court order at issue was a preliminary injunction, not a final judgment on the merits, and despite the fact that the decision rendered by the state trial court had not yet been considered by the state's appellate courts. *Id.* 973 F.2d at 177–79.

As in *Port Authority PBA*, review of the plaintiffs' claims in this case would· require this court to rule on issues which are inextricably intertwined with fact-specific decisions of the courts of the Commonwealth of Massachusetts. This court lacks the power to do so.

Not yet having exhausted its avenues of appeal in the state court system, the Veterans Council must continue to seek relief in the courts of the Commonwealth òf Massachusetts. The Veterans Council may then seek review of the state courts' final decision in the United States Supreme Court. *See* 28 U.S.C. § 1257. It is inherently uncertain whether such discretionary review would be granted. It is evident, however, that this case must be dismissed.

IV. *This Court Must Abstain and Also Dismiss This Case Under the Younger Doctrine.*

This federal case must also be dismissed pursuant to the principles promulgated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny. In *Younger,* the Supreme Court held that principles of federalism and comity require district courts to abstain from granting relief whenever doing so would interfere substantially ᴡith ongoing state judicial criminal proceedings.[3] *See also Bettencourt v. Board of Registration in Medicine of Commonwealth of Massachusetts,* 904 F.2d 772, 777 (1st Cir.1990). The reach of this abstention doctrine has been steadily extended by the Supreme Court and now includes ongoing civil proceedings which implicate important state interests, even if those proceedings were not initiated by the state. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 14 n. 12, 107 S.Ct. 1519, 1527 n. 12, 95 L.Ed.2d 1 (1987); *Bettencourt,* 904 F.2d at 777 n. 6. Where all of the requirements for *Younger* abstention are met, the district

---

**2.** *Younger* abstention, as applied to the facts of this case, is discussed in Section IV of this Memorandum.

**3.** Principles of federalism and comity in this context mean respect for the fact that the Framers of the United States Constitution established:

[A] system [of government] in which there is a sensitivity to the legitimate interests of both State and National Governments, and in which

the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Younger,* 401 U.S. at 44, 91 S.Ct. at 750; *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 10, 107 S.Ct. 1519, 1525, 95 L.Ed.2d 1 (1987).

court must dismiss the federal action. *See Gibson v. Berryhill,* 411 U.S. 564, 577, 93 S.Ct. 1689, 1697, 36 L.Ed.2d 488 (1973).

■ More specifically, *Younger* abstention is required when: (1) there are ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; (3) the state proceedings afford an adequate opportunity to raise federal constitutional challenges; and (4) the plaintiff in the federal case has not demonstrated " 'bad faith, harassment, or any other unusual circumstances that would call for equitable relief.' " *Bettencourt,* 904 F.2d at 777, 779 (quoting *Younger,* 401 U.S. at 54, 91 S.Ct. at 755). Application of these principles to the facts of this case provides a second reason requiring its dismissal.

■ It is undisputed that there are ongoing state judicial proceedings which relate to this case. The merits of the state case have not been resolved by the Superior Court, let alone been litigated to a conclusion through the state appellate process. Nor has the Veterans Council exhausted its rights to appeal the Superior Court's order mandating that GLIB members be permitted to march in the 1993 Parade.

The ongoing state litigation implicates several significant state interests. The Supreme Court has recognized that the states have an important interest " 'in protecting the authority of the [state] judicial system, so that its orders and judgments are not rendered nugatory.' " *Pennzoil,* 481 U.S. at 14, n. 12, 107 S.Ct. at 1527, n. 12 (quoting *Juidice v. Vail,* 430 U.S. 327, 336, 97 S.Ct. 1211, 1217, 51 L.Ed.2d 376 (1977)); *Casa Marie, Inc. v. Superior Court of Puerto Rico,* 988 F.2d 252, 263 (1st Cir.1993) (discussing the "unquestioned importance of the [state's] interest in enforcing the judgments of its courts."). The relief requested here, the abrogation of orders issued by the state court, would directly and substantially injure that important state interest.

This case also involves the interpretation and application of Massachusetts statutes prohibiting discrimination in public accommodations based upon sexual orientation. The Supreme Court has found that "the elimina-

tion of prohibited sex discrimination is a sufficiently important state interest to bring [a] ... case within the ambit of [*Younger* ]." *Ohio Civil Rights Commission v. Dayton Schools,* 477 U.S. 619, 628, 106 S.Ct. 2718, 2723, 91 L.Ed.2d 512 (1986). Eliminating discrimination based upon sexual orientation is a similarly significant state interest.

The ongoing state proceedings afford the Veterans Council an adequate opportunity to litigate the federal constitutional questions that they initially presented to the state courts and have recently decided they would now prefer to pursue in federal court. "Underlying our federal system of justice is a presumption that the state courts are as capable as their federal counterparts of guaranteeing federal rights." *Bettencourt,* 904 F.2d at 776. "Except in the most extraordinary cases," a federal court must honor this presumption. *Casa Marie, Inc.,* 988 F.2d at 262.

Plaintiffs have provided no proof that this presumption is not valid in this case. Plaintiffs simply assert they have lost faith in the state courts' willingness to consider their constitutional claims and, therefore, have not pursued their rights for review by the Massachusetts Appeals Court and the Supreme Judicial Court. However, as the Court of Appeals for the First Circuit recently reiterated: "a federal plaintiff cannot escape *Younger's* reach merely by abandoning the pending state action or foregoing available state appellate remedies." *Casa Marie, Inc.,* 988 F.2d at 264; *see also Pennzoil,* 481 U.S. at 17, n. 16, 107 S.Ct. at 1529, n. 16 (same); *Port Authority PBA,* 973 F.2d at 174 (same).

It is particularly important that the plaintiffs in this case be required to pursue their First Amendment claims in the courts of the Commonwealth of Massachusetts. One "important reason for abstention is to avoid unwarranted determinations of federal constitutional questions." *Pennzoil,* 481 U.S. at 11, 107 S.Ct. at 1526. Thus, *Younger* abstention is especially appropriate when litigation involves an ambiguous state statute which is susceptible of a construction that would avoid or modify the necessity of reaching a federal constitutional question. *Id.* at 11, n. 9, 107 S.Ct. at 1526, n. 9; *see also, Railroad Com-*

mission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); Kusper v. Pontikes, 414 U.S. 51, 54, 94 S.Ct. 303, 306, 38 L.Ed.2d 260 (1973). This is such a case.

The decision of the Superior Court requiring that GLIB members be permitted to participate in the 1993 Parade is based on a finding that GLIB members "have a constitutional and statutory right, G.L. ch. 272, §§ 92A, 98, to participate in the March 14 parade ..." Memorandum and Order dated March 1, 1993 at 3. The statutory provisions on which the Superior Court relied are genuinely ambiguous as applied to this case. They prohibit discrimination in "any place of public accommodation" based upon sexual orientation. See Mass.Gen.L. ch. 272 §§ 92A and 98. Section 92A, which defines "places of public accommodation," does not expressly include parades.

As extensively discussed in a recent decision of the United States District Court for the Southern District of New York enjoining an effort by the New York City Human Rights Commission to compel the inclusion of gays and lesbians who wished to march in the 1993 St. Patrick's Day parade in New York City, a parade and its message may implicate rights of speech and association protected by the First Amendment. See New York County Board of Ancient Order of Hibernians v. David Dinkins, et al., 814 F.Supp. 358, 368–72 (S.D.N.Y.1993); see also Shuttlesworth v. Birmingham, 394 U.S. 147, 152, 89 S.Ct. 935, 939, 22 L.Ed.2d 162 (1969) ("parading may ... constitute [a] method[ ] of expression entitled to First Amendment protection"); cf. Cox v. Louisiana, 379 U.S. 536, 554–55, 85 S.Ct. 453, 464, 13 L.Ed.2d 471 (1965). Thus, construing a parade as a "place of public accommodation" may raise a substantial question of whether the Massachusetts statutes, as applied to the annual Parade in Boston, violate the organizers' rights under the First Amendment.

Discussing statutory construction by the courts of the Commonwealth of Massachusetts, the Supreme Judicial Court has stated that: " 'When the validity of an act ... is drawn into question, and even if a serious doubt of constitutionality is raised, it is a cardinal principal that [the] Court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided.' " Fazio v. Fazio, 375 Mass. 394, 405, 378 N.E.2d 951 (1978) (quoting Crowell v. Benson, 285 U.S. 22, 62, 52 S.Ct. 285, 296, 76 L.Ed. 598 (1932)); Commonwealth v. Bartlett, 374 Mass. 744, 749, 374 N.E.2d 1203 (1978) (same).[4] Accordingly, although this court has not had the time to consider carefully the possible merits of this matter, when, in deciding finally the ongoing state litigation, the courts of the Commonwealth of Massachusetts have an opportunity to reflect more deliberately on the issues presented, they may not construe Mass.Gen.L. ch. 272, §§ 92A and 98 to apply to parades. If this occurs, the substantial constitutional questions relating to those provisions that the Veterans Council would like this court to address now will be eliminated, and the number of federal constitutional questions to be decided in this dispute will be diminished.

Finally, plaintiffs have not demonstrated bad faith, harassment or any other unusual circumstances that would call for the extraordinary equitable relief they are seeking. In view of the fundamental importance of the principles of comity and federalism which are the bases for Younger abstention, "these exceptions to Younger's policy of abstention have been very narrowly construed." Bettencourt, 904 F.2d at 779 (quoting United Books, Inc. v. Conte, 739 F.2d 30, 34 (1st Cir.1984)). No exception has been established here.

4. This important policy of statutory construction is consistent with recent decisions of the Supreme Court, which has held that: "Where an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such a construction is plainly contrary to the intent of [the draftsmen]." Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg and Constr. Trades Council, 485 U.S. 568, 575, 108 S.Ct. 1392, 1397, 99 L.Ed.2d 645 (1988). This is a corollary of the "fundamental rule of judicial restraint that [courts] will not reach constitutional questions in advance of the necessity of deciding them." Three Affiliated Tribes of Ft. Berthold Reservation v. World Engineering, P.C., 467 U.S. 138, 157, 104 S.Ct. 2267, 2278, 81 L.Ed.2d 113 (1984).

In essence, the Veterans Council simply expresses frustration that its claims under the First Amendment of the United States Constitution have not yet been fully explored, or addressed to its satisfaction, by the courts of the Commonwealth of Massachusetts. However, the Veterans Council's own inactivity since March 1992, has contributed to the fact that the state litigation has not advanced further toward a final decision on the merits. It would be anomalous, and inappropriate, to reward such inaction by granting the Veterans Council extraordinary equitable relief to which it is not otherwise entitled.

Nor does the fact that the Veterans Council is seeking relief from a preliminary injunction it believes violates its members' First Amendment rights constitute a circumstance justifying an exception to *Younger* abstention. *See Port Authority PBA*, 973 F.2d at 176. Similarly, the Veterans Council has not proven an exceptional circumstance by showing that the Massachusetts statutes on which the state courts relied are "flagrantly and patently violative of express constitutional prohibitions in every clause." *Casa Marie, Inc.*, 988 F.2d at 262, n. 9 (quoting *Malachowski v. City of Keene*, 787 F.2d 704, 708 (1st Cir.), *cert. denied*, 479 U.S. 828, 107 S.Ct. 107, 93 L.Ed.2d 56 (1986)). This case may present litigable First Amendment issues. As described earlier, however, the courts of the Commonwealth of Massachusetts are fully capable of guaranteeing federal rights and there is no demonstrated procedural bar to their hearing the Veteran Council's federal claims, including those relating to the Superior Court's order regarding the 1993 Parade.

In conclusion, this essentially is a matter in which a disappointed party now regrets its initial decision to litigate its federal claims in state court. This is not an extraordinary circumstance. Rather, as the Court of Appeals for the First Circuit has said: "Understandably disappointed with the outcome of ... earlier litigation, [plaintiffs] now seek a happier result in a federal forum. But [they

5. To the extent that the Veterans Council also seeks to enjoin the ongoing MCAD proceeding, *Younger* abstention is also required. *See Ohio*

are] not entitled to an 'encore.'" *Bricker,* 468 F.2d at 1232.[5]

V. *Order*

For the foregoing reasons, this case is hereby DISMISSED.

*Civil Rights Commission,* 477 U.S. at 629, 106 S.Ct. at 2723.