COMMONWEALTH *vs.* ANTHONY M. SHEA.

No. 91-P-32.

Suffolk. April 20, 1993. - January 5, 1994.

Present: ARMSTRONG, DREBEN, & IRELAND, JJ.

*Practice, Criminal,* Appeal to jury session, Default, Judicial discretion, Speedy trial, Dismissal.

Discussion of cases considering the imposition of a primary court sentence pursuant to G. L. c. 278, § 24, upon a defendant's default in the jury session. [719-720]

Where the Commonwealth failed to sustain its burden of proving that a defendant was notified of the date to appear for de novo trial in the jury session either while the defendant was in Federal prison or after his release, the defendant's failure to have appeared was not a "solid default" so as to warrant the judge's imposition of sentence pursuant to G. L. c. 278, § 24; the matter was remanded for trial. [720-721, 722-723]

COMPLAINTS received and sworn to in the Charlestown Division of the District Court Department on January 28, 1987.

On appeal to the jury session of the Boston Municipal Court Department, sentence was imposed by *George A. O'Toole, Jr.*, following default by the defendant.

*Patrick J. Loftus, III*, for the defendant.

*Susan Underwood*, Assistant District Attorney (*Joseph C. Kelley*, Assistant District Attorney, with her) for the Commonwealth.

IRELAND, J. The defendant was found guilty after a District Court bench trial of carrying a firearm without a license to do so, possession of a Class D substance, operating an automobile while under the influence of drugs and operating an automobile after his license had been revoked. He was sentenced to serve one year in a house of correction. He claimed his right to a de novo appeal, but while awaiting the new trial he was placed in Federal custody for Federal parole vio-

lations. After being released from Federal custody he was defaulted, and the lower court sentence was imposed pursuant to G. L. c. 278, § 24. He appeals, claiming that (1) the judge erred in finding a "solid default"; and (2) the Commonwealth failed to secure his presence for trial, a lapse which requires dismissal under Mass.R.Crim.P. 36(d)(3), 378 Mass. 913 (1979). We reverse and remand for further proceedings.

1. *The facts.* On January 30, 1987, the defendant was arraigned in Charlestown District Court on the above-mentioned charges. His arrest (a failure to report the arrest in a timely manner was also alleged) constituted a ground for revocation of the defendant's parole from imprisonment on a Federal conviction and he was taken into Federal custody on March 2, 1987. While in custody, he was brought before the Charlestown District Court on a writ of habeas corpus to stand trial on July 8, 1987. At the hearing, the judge found the defendant guilty of all charges and imposed a one-year sentence.[1] Pursuant to G. L. c. 218, § 26A, the defendant exercised his right to a trial de novo, which was scheduled for July 29, 1987, in the jury session of the Boston Municipal Court. On that date, the defendant failed to appear and the case was continued until August 27, 1987. The defendant failed to appear on this second date and a default was entered. The docket entry reflects the default and that the defendant was "in custody in the Federal Prison [in] Colorado."[2]

The defendant was arrested on August 31, 1988, for a motor vehicle violation and later released. The charges on which he was arraigned on January 30, 1987, came before the court on October 5, 1989. The defendant did not appear and was again defaulted. The defendant concedes that he was not in

---

[1]The defendant was sentenced to one year on the firearm charge, six months on the charge of possession of a Class D substance, and thirty days each on the charges of operating under the influence of drugs and operating after revocation of a license. The sentences were to be served concurrently.

[2]The docket entry stated "defaulted NW" which meant no warrant was to issue.

Federal custody on that date; but nothing in the record as it comes to us shows when the October 5 hearing was scheduled or that the defendant was given notice of it. Pursuant to a warrant, the defendant was arrested for the default on July 11, 1990, by a fugitive task force. A hearing was held at which time the defendant claimed that he had retained the services of an attorney who filed a speedy trial motion on his behalf,[3] and that a search for any existing State or Federal parole violations just immediately prior to his release from Federal prison revealed no outstanding warrants. The judge allowed the Commonwealth's motion to impose the lower court sentence in accordance with G. L. c. 278, § 24. The judge found that there was no solid default while the defendant was in Federal prison, but ruled that the default solidified once he was released from Federal custody because the defendant failed to prosecute his appeal. The defendant's motion to vacate was denied by a judge in the jury session of the Boston Municipal Court. The defendant filed a timely appeal and, on September 6, 1990, this court, on motion, after hearing, granted a stay of the lower court sentence pending appeal.

2. *Solidity of the default.* General Laws c. 278, § 24, as amended by St. 1978, c. 478, § 305, provides: "If the appellant fails to enter and prosecute his appeal [from conviction in the District Court], he shall be defaulted on his recognizance and the jury-of-six session may impose sentence upon him for the crime of which he was convicted, as if he had been convicted in said court, and, if he is not then in custody, may issue process to bring him into court to receive sentence." In general, sentence without a further trial is undertaken only after "solid defaults" of appearance, that is, an inexcusable failure to prosecute an appeal. *Commonwealth* v. *Bartlett*, 374 Mass. 744, 748 (1978). *Commonwealth* v. *Feeney*, 31 Mass. App. Ct. 144, 145 (1991).

---

[3]Notwithstanding an affidavit from an attorney in support of this allegation, the lower court docket does not reflect a motion for speedy trial as having been filed.

Whether to declare a defendant in default and impose the primary court sentence is normally left to the discretion of the judge. *Commonwealth* v. *Coughlin,* 372 Mass. 818, 821 (1977). This discretion must not be exercised casually or capriciously, *ibid.,* and a ruling should be "made with awareness that a finding against a defendant carries with it the serious consequence of a loss of the de novo trial by jury." *Commonwealth* v. *Parillo,* 29 Mass. App. Ct. 969, 971 (1990). In reviewing whether declaring a solid default was a proper exercise of the judge's discretion, "we consider the conduct of the defendant and the inquiry made by the judge into the circumstances of the defendant's absence." *Commonwealth* v. *Espinoza,* 28 Mass. App. Ct. 65, 68 (1989).

When a defendant claims his right to a de novo appeal, the Commonwealth has the burden of duly notifying the defendant of the date to appear in the jury session. *Commonwealth* v. *Bartlett,* 374 Mass. at 747. Since the defendant's "obligation is to appear when notified, []he cannot be said to have 'failed' that obligation, if, through no fault of [his] own, []he never received notice to appear." *Ibid.* If the defendant raises the issue of lack of notice, the burden is on the Commonwealth to prove that notice was properly given in order for the defendant to be defaulted for his failure to appear. *Ibid.* Only when a defendant fails through his own conduct may he be charged with a solid default. *Commonwealth* v. *Espinoza,* 28 Mass. App. Ct. at 68-69.

The judge's conclusion that the defendant's default solidified upon his release from prison was based on his finding that the defendant's own knowledge of his appeal from his bench trial for a trial de novo was sufficient "notice" to require him to take affirmative steps to press resolution of his case once he was released from Federal custody. The Commonwealth argues in support of the judge's ruling that a defendant who appeals for a trial de novo has an increased obligation to prosecute his appeal, beyond that of a defendant in the first-tier trial. This contention ignores the fundamental

basis of Massachusetts' two-tier de novo trial court system,[4] namely, that "[a] defendant who elects to be tried de novo in Massachusetts is in no different position than is a convicted defendant who successfully appeals on the basis of the trial record and gains a reversal of his conviction and a remand of his case for a new trial." *Justices of Boston Municipal Court* v. *Lydon*, 466 U.S. 294, 305 (1984), quoting from *Ludwig* v. *Massachusetts*, 427 U.S. 618, 631-632 (1976). In light of the United States Supreme Court mandate established in *Lydon*, a defendant who exercises his right to a de novo trial must be treated no differently than a defendant who is retried.

Because the Commonwealth failed to sustain its burden of proving that notice was properly sent to the defendant — either while the defendant was in Federal prison or after his release — it cannot be said that the defendant's failure to appear was due to his own conduct. Thus, there was no solid default. See *Commonwealth* v. *Bartlett*, 374 Mass. at 747-748. Contrast *Commonwealth* v. *O'Clair*, 374 Mass. 759, 764, appeal dismissed, *Francis* v. *Massachusetts*, 439 U.S. 805 (1978).

3. *Failure to secure the defendant's presence for trial.* The defendant next claims that the Commonwealth's lack of action in securing his presence for trial requires dismissal of the charges under Mass.R.Crim.P. 36(d)(3), 378 Mass. 913 (1979). Under Mass.R.Crim.P. 36(d)(3), it is the Commonwealth's burden to notify the defendant serving in a foreign prison of the charges, file a detainer, and secure his presence for trial. *Commonwealth* v. *Spaulding*, 411 Mass. 503, 504 & n.2 (1992).[5] "[I]f the Commonwealth is dilatory in either

---

[4]The two-tier trial system was abandoned, effective January 1, 1994. G. L. c. 278, § 18, as amended by St. 1992, c. 379, §§ 193 & 226, and St. 1993, c. 12, § 9.

[5]The judge concluded that because there was no speedy trial motion, the provisions of rule 36 did not apply. The defendant's demand for a speedy trial, however, "does not affect the Commonwealth's duty to obtain the defendant's presence. The Commonwealth must use due diligence whether or not a demand has been made." Reporters' Notes to Mass.R.Crim.P. 36, Mass. Ann. Laws, Rules of Criminal Procedure at 533 (Law. Co-op. 1979).

filing a detainer or seeking to obtain the defendant's presence and the prisoner is prejudiced by the delay, the charges must be dismissed." Reporters' Notes to Mass.R.Crim.P. 36(d), Mass. Ann. Laws, Rules of Criminal Procedure at 533 (Law. Co-op. 1979).

This second claim of error, however, is not properly before us. The issue should be raised on a motion to dismiss the complaint made to a District Court judge, who must determine whether the conduct of the prosecuting attorney in bringing the defendant to trial was unreasonably lacking in diligence and whether that conduct has resulted in prejudice to the defendant.[6] Mass.R.Crim.P. 36(c). See *Commonwealth* v. *Lauria*, 411 Mass. 63, 68-70 (1991). *Commonwealth* v. *Ferreira*, 26 Mass. App. Ct. 67, 69-71 (1988). Accordingly, we remand the case to the motion judge for an evidentiary hearing to determine whether the defendant is entitled to dismissal of the charges against him. Cf. *Commonwealth* v. *Wysocki*, 28 Mass. App. Ct. 45, 49 (1989) (where no hearing was held on a motion to dismiss and there were conflicting factual issues, the court remanded the case to the motion judge for an evidentiary hearing). For the purpose of providing guidance on remand, however, we note that Mass.R.Crim.P. 36 envisions that the "primary responsibility for setting a date for trial lies with the district attorney." *Commonwealth* v. *Spaulding*, 411 Mass. at 506, quoting from *Barry* v. *Commonwealth*, 390 Mass. 285, 296 n.13 (1983). That burden of proceeding with trial does not shift to the defendant simply because he has exercised his right to a trial de novo.

The sentence imposed by the judge pursuant to G. L. c. 278, § 24, is vacated and the default is removed. The case is remanded for trial. If the defendant should file a motion to dismiss, the judge is to conduct an evidentiary hearing on the

---

[6]The defendant made reference to the prosecution's lack of effort to secure the defendant for trial at the hearing on his motion to vacate the order imposing the lower court sentence, but a motion to dismiss under rule 36 was never made. The Commonwealth never had the opportunity to rebut the claim and the judge made no findings.

issue whether the Commonwealth was dilatory in either filing a detainer or seeking to obtain the defendant's presence for trial and if so, whether the defendant has been prejudiced by the delay.

*So ordered.*