**STATE of Tennessee, Appellee,**

v.

**Curtis COLEMAN, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

April 12, 1984.

Gerald S. Green, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, Veronica F. Coleman, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

The appellant pled guilty on April 20, 1983, in the Criminal Courts of Shelby County, to driving while under the influence of an intoxicant. This was his fifth conviction for the same offense. T.C.A. § 55–10–403 (Supp.1983). Punishment was fixed at confinement for two hundred and seventy days and a fine of fifteen hundred dollars. The trial court suspended one hundred and twenty days of the sentence and imposed probation for eleven months and twenty-nine days.

On August 31, 1983, after apparently serving his jail sentence, appellant petitioned the trial court to set a payment schedule for the payment of his fine. The petition was denied on September 8, 1983, and appellant was ordered to serve out the remainder of his fine at the rate of five dollars per day, or in other words, five hundred more days of confinement. For reasons not recorded by this scanty record, that order was amended on September 22, 1983, to reflect the court's holding that the appellant was an indigent for purposes of paying the fine.

The sole issue raised in this appeal is whether the trial court erred in denying appellant's petition to set a payment schedule for the payment of the fine and ordering the indigent appellant imprisoned in order to serve out the fine. The State concedes on appeal that this issue has merit. We are, in this aspect of the matter, in full accord with the State.

After apparently serving the one hundred and fifty days of his sentence that was not probated, appellant sought permission to pay his fine in installments. By denying the request and automatically converting the fine to imprisonment, without consideration of alternative means of punishment, the court violated appellant's rights under the Equal Protection Clause of the Fourteenth Amendment. Such actions have been consistently condemned by the highest court in the land.

In *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), the Supreme Court forbade the practice of extending the aggregate period of punishment for a defendant beyond the maximum period authorized by statute solely because the defendant cannot afford to pay the fine. *Williams* was extended in *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), which held that the Equal Protection Clause prohibits the automatic conversion of a fine imposed under a fine-only statute to imprisonment for those who are too poor to pay.

The most recent case in this area is *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), in which an indigent defendant's probation was revoked for failure to pay a fine and restitution. The Supreme Court reversed and remanded the case because the Georgia Court failed to consider whether alternative means of punishing the defendant were available. While the case *sub judice* does not involve the revocation of probation, the effect is the same because appellant had apparently served the portion of his sentence that was not suspended. We find that the following reasoning from the *Bearden* case applies to the case at hand:

"The focus of the court's concern, then, was that the petitioner had disobeyed a prior court order to pay the fine, and for that reason must be imprisoned. But this is no more than imprisoning a person

solely because he lacks funds to pay the fine, a practice we condemned in *Williams* and *Tate.* By sentencing petitioner to imprisonment simply because he could not pay the fine, without considering the reasons for the inability to pay or the propriety of reducing the fine or extending the time for payments or making alternative orders, the court automatically turned a fine into a prison sentence." 103 S.Ct. at 2073.

In remanding the case, the *Bearden* court had this to say:

"We do not suggest by our analysis of the present record that the State may not place the petitioner in prison. If, upon remand, the Georgia courts determine that petitioner did not make sufficient bona fide efforts to pay his fine, or determine that alternate punishment is not adequate to meet the State's interests in punishment and deterrence, imprisonment would be a permissible sentence. Unless such determinations are made, however, fundamental fairness requires that the petitioner remain on probation." 103 S.Ct. at 2074.

The State requests remand for consideration of alternative forms of punishment consistent with the guidelines from *Bearden* quoted above. Such consideration is unnecessary in light of the trial court's order of September 22, 1983, amending its order of September 8, 1983, and unequivocally holding that appellant was an indigent for purposes of paying the fine. We will presume from that order that the trial court diligently and intelligently heard proof to support its finding of indigency. It is further apparent from the record that appellant was incarcerated during the period of more than four months between his guilty plea and the filing of his petition to pay the fine in installments. It goes without saying that appellant was in no position to obtain gainful employment during that period. Under these circumstances the imprisonment of the indigent appellant for failure to pay the entire amount of his fine immediately after being released from confinement does not square with the Fourteenth Amendment guarantee of Equal Protection. The issue having merit, the trial court's judgment is reversed and remanded in order to grant appellant's motion to set a payment schedule. The case therefore is remanded solely for the purpose of assessing appellant's financial situation in order for the trial court to set up a reasonable payment schedule consistent with appellant's ability to pay.

DUNCAN and SCOTT, JJ., concur.