STATE of Tennessee, Appellee,

v.

Nathaniel HART, Appellant.

No. 02–C–01–9406–CR–00125.

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 30, 1994.

Permission to Appeal Denied by the Supreme Court March 27, 1995.

Charles W. Burson, Atty. Gen. & Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, John W. Pierotti, Dist. Atty. Gen., Chris B. Craft, Asst. Dist. Atty. Gen., Memphis, for appellee.

Brett B. Stein, Memphis, for appellant.

## OPINION

JONES, Judge.

The appellant, Nathaniel Hart, appeals as of right from a judgment of the trial court permitting him to liquidate the outstanding fines in installments if he secures the payment of the fines pursuant to Tenn.Code Ann. § 40–11–118(c)(2) (Supp.1994). In the alternative, the trial court ordered that he be confined to jail and "work out the fines at $5.00 per day." The appellant contends that the trial court abused its discretion by requiring that the fines be secured pursuant to the applicable statute. Moreover, he argues that this requirement violates his constitutional rights that are guaranteed by the United States and Tennessee Constitutions.

The judgment of the trial court is affirmed.

On July 26, 1993, the appellant was convicted of driving while under the influence and driving while license revoked, both Class A misdemeanors, following his pleas of guilty to both offenses. The trial court imposed the following sentences pursuant to a plea bargain agreement:

1) Driving while under the influence, a fine of $1,500 and confinement for 240 days in the Shelby County Correction Center. The trial court suspended 120 days of the sentence and placed the appellant on probation for eleven months and twenty-nine days.

2) Driving while license revoked, a fine of $500 and confinement for 120 days in the Shelby County Correction Center.

The trial court wrote on the face of each judgment: "[R]emain in custody until fine paid in full or secured according to law or worked out at $5.00 per day."

The appellant filed a "Motion to Declare Defendant Indigent and Set Installment Payments According to the Defendant's Ability to Pay" on January 20, 1994. The trial court subsequently permitted the appellant to be released from the Correctional Center after making bail in the amount of $500. On January 31, 1994, the trial court denied the appellant's motion. The trial court found that the appellant was not indigent. The court further found that: (a) the appellant was financially able to liquidate the fines totalling

$2,000 in monthly installments of $150 and the first installment was to be paid on or before § 40–11–118(c) (Supp.1994) if he was to remain in society and liquidate the fines; and (c) the appellant has a history of past due fines and costs. He was delinquent in the payment of fines and costs in two general sessions cases.

When a fine is imposed, the court assessing the fine can require that the accused (a) pay the entire fine at the time sentence is pronounced, (b) pay the fine at a later date, (c) pay the fine in specified installments at designated periodic intervals, or (d) make the payment of the fine a condition of probation. Tenn.Code Ann. § 40–24–101. In this case, the trial court granted the appellant's request to liquidate the $2,000 in fines at the rate of $150 per month. However, as previously stated, this was conditioned upon the appellant securing the payment of the fines with sufficient securities—individuals who would pay the fines if he defaulted.

A trial court has the authority to require that an accused secure the payment of a fine with sufficient securities. The applicable statute, Tenn.Code Ann. § 40–11–118(c)(1) (Supp.1994), states:

> (c)(1) Whenever a court's judgment includes the requirement that the defendant pay a fine or cost, the court may require that the payment of the fine or cost be secured by surety bond or other appropriate undertaking if such defendant has a history of past due fines and costs. A parent, guardian or other responsible party may be permitted to act as surety in order to guarantee the payment of the fine and costs.

The appellant admitted that he owed $630 from a prior driving while under the influence conviction in the General Sessions Court of Shelby County, Tennessee, in 1992. It appears that the General Sessions judge had confined the appellant to jail for his failure to pay the fine assessed in that court. In addition, the appellant still owed a fine and costs from a 1989 case that was pending in the General Sessions Court. The appellant testified that he was employed full time during this period of time—except for the incarceration for the 120 days in this case. In short,

the appellant has "a history of past due fines and costs" within the meaning of Tenn.Code Ann. § 40–11–118(c)(1) (Supp.1994). Therefore, the trial court did not abuse its discretion in requiring the appellant to guarantee the payment of the fines with sufficient securities.

The appellant cites *State v. Coleman,* 675 S.W.2d 206 (Tenn.Crim.App.1984). *Coleman* and the present case are clearly distinguishable upon the facts. In *Coleman,* the defendant was found to be indigent and the evidentiary hearing did not contain any information that he had failed to satisfactorily satisfy the fines that had been previously imposed. Absent this distinction, *Coleman* would mandate the reversal of this case for the entry of an order permitting the fines to be liquidated as a condition of his probation.

WADE and SUMMERS, JJ., concur.