# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1999 SESSION

FILED

June 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **JAMES E. LAMPKIN,** | * | C.C.A. 03C01-9804-CR-00160 |
| Appellant, | * | KNOX COUNTY |
| vs. | * | Hon. Ray L. Jenkins, Judge |
| **STATE OF TENNESSEE,** | * | (Motion to be Discharged from Payment of Moot Fines and |
| Appellee. | * | Costs) |

For Appellant:

James E. Lampkin
STSRCF, Unit 6
Route 4, Box 600
Pikeville, TN  37367

For Appellee:

John Knox Walkup
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

Ellen H. Pollack
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243-0493

OPINION FILED: _____

REMANDED

NORMA MCGEE OGLE, JUDGE

## OPINION

In this appeal, James E. Lampkin challenges the order of the Criminal Court of Knox County, entered on March 24, 1998. The order was entered in response to the appellant's motion to ascertain the status of his previously filed "Motion to be Discharged from Payment of Moot Fines and Costs." The trial court found that it had already ruled upon the appellant's motion and had dismissed the motion. The appellant now raises the following issues for our consideration:

1. Whether the trial court erroneously declined to consider the appellant's "Motion to be Discharged from Payment of Moot Fines and Costs."
2. Whether the appellant should be discharged from fines and costs imposed pursuant to his 1986 convictions for receiving stolen property, leaving the scene of an accident, driving on a revoked license, and driving under the influence of an intoxicant, third offense.
3. Whether Tenn. Code. Ann. § 67-1-1501 (1986) bars collection of the aforementioned fines and costs.

Following a thorough review of the record, we remand this case to the trial court.

## I. Factual Background

The record reflects that, on September 12, 1986, the petitioner pled guilty to receiving stolen property (Case No. 27996), leaving the scene of an accident (Case No. 27997), driving on a revoked license (Case No. 27998), and driving under the influence of an intoxicant (Case No. 27999). The record only includes the minutes of the court documenting the appellant's judgment of conviction in case No. 27999. For the offense of driving under the influence, the trial court imposed a sentence of eleven (11) months and twenty-nine (29) days in the Knox County Penal Farm and a fine of one thousand dollars ($1,000.00). Additionally, the trial court provided that the appellant would be responsible for the costs of the prosecution.

2

On February 4, 1997, the appellant filed a motion asking that the trial court declare him indigent and waive the fines and court costs imposed pursuant to his convictions for leaving the scene of an accident (Case No. 27997) and driving on a revoked license (Case No. 27998). Subsequently, the appellant amended his motion to include fines and costs resulting from his conviction for driving under the influence (Case No. 27999). On April 30, 1997, the trial court dismissed the appellant's motion on the basis of the appellant's continuing incarceration.

On August 25, 1997, the appellant filed a "Motion to be Discharged from Payment of Moot Fines and Costs" in case No. 27999. In this motion, the appellant alleged that, pursuant to his conviction for driving under the influence, the trial court had, at some point in time, ordered the appellant to pay thirty-three dollars and fifty cents ($33.50) for each day of his sentence of eleven (11) months and twenty-nine (29) days "or be confined or otherwise imprisoned until the fines and costs were satisfied." The appellant further alleged that he was, in fact, imprisoned and completed service of his sentence in satisfaction of the fines and costs. Moreover, notwithstanding the style of his motion, the appellant alleged that his service of concurrent sentences of imprisonment in cases Nos. 27996, 27997, and 27998 satisfied all fines and costs imposed in those cases.

On March 12, 1998, the appellant filed a motion to ascertain the status of his "Motion to be Discharged from Payment of Moot Fines and Costs." As mentioned earlier, the trial court entered an order on March 24, 1998, finding that the motion referred to in the appellant's "Motion to Ascertain Status of Case" had already been ruled upon by the trial court and dismissed on April 30, 1997.

## II. Analysis

3

Initially, Tenn. Code. Ann. § 40-24-102 and -104 (1982) authorize a trial court to release a criminal defendant from fines or to reduce fines upon a finding of indigency or other good cause.[1]  Additionally, Tenn. Code. Ann. § 40-25-129(2) (1982) authorizes a trial court to discharge a criminal defendant's court costs upon a finding of indigency.  In this case, the State apparently adopts the position that the appellant's August 1997 motion was a motion to discharge or reduce the appellant's fines and costs due to his indigency.  Accordingly, the State argues that the trial court correctly dismissed the appellant's motion.  The State cites State v. Brewer, No. 42, 1988 WL 35452, at *4 (Tenn. Crim. App. at Knoxville, April 14, 1988), for the proposition that a motion to discharge or reduce fines and costs due to indigency is not ripe for consideration while a defendant is incarcerated, even if the defendant is serving an unrelated sentence.

While we agree with this proposition, we believe that the State has incorrectly characterized the appellant's August 1997 motion.  As noted earlier, the appellant argued in his motion that he should be discharged from fines and costs associated with his various convictions, not because he is indigent, but because he has *already* served a term of imprisonment in default of his fines.  See Tenn. Code. Ann. § 40-24-104; Tenn. Code. Ann. § 40-24-105(a) (1982).  Nevertheless, we are precluded from considering this issue, because the record is incomplete. State v. Gibson, 973 S.W.2d 231, 244 (Tenn. Crim. App. 1997), perm. to appeal denied, (Tenn. 1998).  Nothing in the record before this court either confirms or conclusively contradicts the appellant's assertion.[2]

---

[1] Tenn. Code. Ann. § 55-10-403(b)(2)(1986) specifically authorizes trial courts, upon a finding of indigency, to relieve a defendant of his obligation to pay a fine imposed pursuant to a conviction for driving under the influence of an intoxicant.

[2] However, the appellant's filing of motions in February and April of 1997 asking the trial court to waive his fines and costs due to his indigency belies the assertion in his August 1997 motion.

We note in passing that the appellant claims that he was ordered by the trial court to pay thirty-three dollars and fifty cents ($33.50) in fines and costs for each day of his eleven month and twenty-nine day sentence or be incarcerated in satisfaction of his fines and costs.[3]  Interestingly, the court of appeals observed in Knox County v. City of Knoxville, No. 759, 1988 WL 116456, at *1 (Tenn. App. at Knoxville, November 2, 1988), that the Knox County Board of Commissioners had passed a resolution on August 20, 1984, charging each misdemeanant incarcerated in the Knox County Jail thirty-three dollars and fifty cents ($33.50) per day in confinement.  To the extent that the appellant may have confused jailer's fees with fines and costs, we further note that the court of appeals held that DUI offenders in the Knox County Jail must pay both the jailer's fee and any fine for drunk driving.  Id. at **2-3.

As to the appellant's argument that Tenn. Code. Ann. § 67-1-1501 bars the collection of fines and costs in his cases, we note that the appellant raises this issue for the first time on appeal.  State v. Johnson, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996).  Second, even if applicable in this case, Tenn. Code. Ann. § 67-1-1501 applies only to the collection of litigation taxes and not to the collection of fines and costs in criminal cases.  See, e.g. Tenn. Code. Ann. § 67-4-601 to -606 (1986).  The record before this court does not even reflect whether the appellant currently owes litigation taxes in the cases at issue.

In any event, regardless of the merits of the appellant's motion or lack thereof, it is apparent from the trial court's March 1998 order that it did not, in fact,

---

[3]Of course, if a defendant is otherwise an appropriate candidate for alternative sentencing, a trial court may not imprison a defendant solely due to the defendant's indigency and consequent inability to pay a fine.  State v. Dye, 715 S.W.2d 36, 41 (Tenn. Crim. App. 1986); State v. Millsaps, 920 S.W.2d 267, 272 (Tenn. Crim. App. 1995); State v. Coleman, 675 S.W.2d 206, 207-208 (Tenn. Crim. App. 1984).

rule upon the appellant's August 1997 motion.  Apparently, when the appellant filed his "Motion to Ascertain Status of Case," the trial court mistakenly believed that the appellant was attempting to ascertain the status of his motions filed in February and April of 1997.  Accordingly, there is no final judgment before this court subject to review.  We remand this case to the trial court in order to conduct proceedings consistent with this opinion, make any necessary findings, and enter an order addressing the appellant's August 1997 motion.


_____
Norma McGee Ogle, Judge


CONCUR:


_____
Gary R. Wade, Presiding, Judge


_____
Cornelia A. Clark, Special Judge